UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL ELDRIDGE, | ) | |
| Plaintiff | ) | Civil Action |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| ETHAN ALLEN, INC. | ) | |
| Defendant | ) | |

04 12506 MEL

MAGISTRATE JUDGE MBB

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 11/29/04

## INTRODUCTION

Plaintiff Michael Eldridge brings this Complaint against his former employer, Ethan Allen Inc., seeking compensation for lost wages and other damages arising out of Defendant's wrongful termination and statutory violations.

## PARTIES

1. Plaintiff Michael Eldridge ("Mr. Eldridge") is an adult individual who resides at 97 Whitford Street, Wakefield, Rhode Island.

2. Defendant Ethan Allen Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at Ethan Allen Drive, P.O. Box 1966, Danbury, Connecticut.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 29 U.S.C. §2617. Venue is proper in this Court because Defendant employed Plaintiff, and committed the violations of statute, in this judicial district.

## FACTS

4. Mr. Eldridge began working for Ethan Allen in 1999 as a truck driver.

5. Mr. Eldridge received successive promotions to the position of supervisor, interim manager, and ultimately warehouse manager.

6. Mr. Eldridge served Defendant diligently and met all of his obligations to Defendant.

7. In July 2003, Mr. Eldridge tore ligaments in both of his knees in a non-work related accident.

8. In August 2003, Defendant denied Mr. Eldridge's request for additional time off from work because of his knee problems.

9. Also in August 2003, Defendant pressured Mr. Eldridge to delay needed arthroscopic surgery for his knee problems.

10. On two occasions in late August 2003, Mr. Eldridge notified Defendant of his need for medical leave.

11. In early September 2003, Mr. Eldridge provided Defendant with medical documentation confirming his knee surgery scheduled for October 23, 2003.

12. On October 4, 2003, Mr. Eldridge provided his direct supervisor with written notification that his knee surgery was scheduled for October 23, 2003.

13. On October 8, 2003, Mr. Eldridge's direct supervisor delivered a substandard performance review which included unwarranted criticism never before discussed with Mr. Eldridge.

14. On October 20, 2003, Mr. Eldridge pulled his back during a furniture delivery and reported this injury to his direct supervisor.

15. Defendant terminated Mr. Eldridge's employment on October 20, 2003.

16. During the period August 2003 through October 17, 2003, Mr. Eldridge routinely worked in excess of forty hours each week. Defendant did not pay Mr. Eldridge one and one-half times his regular rate of pay for his employment in excess of forty hours each week.

17. Defendant directed its health insurance carrier to terminate Mr. Eldridge's health insurance coverage on October 20, 2003.

18. Due to the cancellation of his health insurance coverage, Mr. Eldridge personally incurred liability for the costs of his two knee surgeries, on October 23, 2003 and December 20, 2003.

## CLAIMS FOR RELIEF

### COUNT I

### Violations of the Family Medical Leave Act (FMLA) 29 U.S.C. § 2601 et seq.

19. Mr. Eldridge hereby realleges and incorporates by reference every allegation contained in paragraphs 1-18.

20. At all times relevant, Defendant was an employer covered by the FMLA.

21. At all times relevant, Plaintiff was an employee protected by the FMLA. Mr. Eldridge worked at least 1,250 hours in the twelve-month period preceding September 2003.

22. Plaintiff put Defendant on notice of his serious health condition during the summer of 2003.

23. Defendant denied Mr. Eldridge's ability to exercise his FMLA rights.

24. Defendant further violated the FMLA by discriminating against Mr. Eldridge and then discharging him from employment, all in retaliation for attempting to exercise his FMLA rights.

25. Defendant's conduct constitutes a wilful violation of the FMLA.

## COUNT II

### Violations of M.G.L. Chapter 151B

26. Mr. Eldridge hereby realleges and incorporates by reference every allegation contained in paragraphs 1-25.

27. At all times relevant, Defendant was an employer covered by M.G.L. Chapter 151B.

28. At all times relevant, Mr. Eldridge was an employee protected by the provisions of M.G.L. Chapter 151B, § 4, as defined by M.G.L. Chapter 151B, § 1(8).

29. In addition, Mr. Eldridge was covered by M.G.L. Chapter 151B pursuant to M.G.L. Chapter 152 § 75B(1) because he suffered an injury at work on October 20, 2003.

30. Throughout his employment with Defendant, Mr. Eldridge was capable of performing the essential functions of his position.

31. Starting in July 2003, Mr. Eldridge was a qualified individual with a disability within the meaning of M.G.L. Chapter 151B §1(17) or was perceived as being disabled.

32. Starting in August 2003, Mr. Eldridge sought medical leave from Defendant as a reasonable accommodation for his disability.

33. Starting in August 2003, Defendant subjected Mr. Eldridge to a series of adverse employment actions and then terminated his employment in October 2003.

34. Defendant took adverse employment actions against Mr. Eldridge, including terminating his employment, because of his disability or perceived disability.

35. Defendant's conduct constitutes a wilful violation of M.G.L. Chapter 151B.

36. Mr. Eldridge timely filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) charging Defendant with unlawful disability discrimination.

## COUNT III

### Violations of the Massachusetts Worker Compensation Statute
### M.G.L. Chapter 152 §§ 75A and 75B

37. Mr. Eldridge hereby realleges and incorporates by reference every allegation contained in paragraphs 1-36.

38. On October 20, 2003, Mr. Eldridge suffered a work-related injury which he immediately reported to his direct supervisor.

39. Defendant terminated Mr. Eldridge's employment just hours after he sustained and reported his work-related injury.

40. Defendant terminated Mr. Eldridge in retaliation for exercising rights under the Worker Compensation statute, in violation of M.G.L. Chapter 152 § 75B(2).

41. Defendant failed to provide Mr. Eldridge with a preference for rehire in violation of M.G.L. Chapter 152 § 75A.

## COUNT IV

### Violations of the Massachusetts Health Benefits Continuation Statute
### M.G.L. Chapter 175 § 110D

42. Mr. Eldridge hereby realleges and incorporates by reference every allegation contained in paragraphs 1-41.

43. Defendant directed its health insurance carrier to terminate Mr. Eldridge's health insurance coverage on the same date his employment terminated, October 20, 2003.

44. Defendant thus failed to maintain a policy of insurance which complies with the provisions of

M.G.L. Chapter 175 § 110D, which requires benefit continuation for thirty-one days after the insured person leaves the covered group.

45. Due to the illegal cancellation of his health insurance coverage, Mr. Eldridge personally incurred liability for the costs of his two knee surgeries, on October 23, 2003 and December 20, 2003.

## COUNT V

### Violation of Massachusetts Minimum Fair Wage Law
### M.G.L. Chapter 151, § 1B

46. Mr. Eldridge hereby realleges and incorporates by reference every allegation contained in paragraphs 1-45.

47. During the period August 2003 through October 17, 2003, Mr. Eldridge routinely worked in excess of forty hours each week.

48. Defendant did not pay Mr. Eldridge one and one-half times his regular rate of pay for his employment in excess of forty hours each week.

**WHEREFORE**, Plaintiff demands judgment in his favor and prays that this Court:

    a. on Count I, award Plaintiff compensatory damages equal to his lost wages and benefits, interest on the compensatory damages, and liquidated damages equal to the sum of the amount of the compensatory damages and the interest thereon;

    b. on Counts II and III, enter a monetary award for Plaintiff for the actual damages he suffered, punitive damages, and Plaintiff's reasonable attorneys' fees.

    c. on Count IV, enter a monetary award for the damages Plaintiff incurred due to the illegal cancellation of his health insurance coverage;

d.  on Count V, award Plaintiff three times the full amount of his unpaid overtime wages together with costs and attorney's fees;

e.  Award Plaintiff statutory interest and the costs of this action; and

f.  grant such other and further relief as this Court deems just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,
Michael F. Eldridge

By his attorneys,

Date: November 24, 2004

Edward S. Englander (BBO # 154540)
Denise A. Chicoine (BBO # 564152)
ENGLANDER & CHICOINE P.C.
Two Newton Place, Suite 200
Newton, MA 02458-1633
Tel. (617) 964-5400