UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL F. ELDRIDGE, | ) | Civil Action 04 12506 MEL |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| ETHAN ALLEN, INC. | ) | |
| Defendant | ) | |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff Michael F. Eldridge to oppose the motion of Ethan Allen to dismiss Count IV of the Complaint. Pursuant to Federal Rules of Civil Procedure Rule 56(f), discovery is required to present facts essential to justify Plaintiff's opposition. Specifically, whether Count IV is preempted by ERISA depends upon whether Defendant's plan is self-insured, which requires a detailed analysis of Defendant's stop-loss insurance. Plaintiff does not oppose the dismissal of Count V of the Complaint.

WHEREFORE Plaintiff respectfully requests the Court to refuse Defendant's application for judgment on Count IV until after it permits discovery to be had.

Respectfully submitted,
Michael F. Eldridge

By his attorneys,

Date: February 21, 2005

Edward S. Englander (BBO # 154540)
Denise A. Chicoine (BBO # 564152)
ENGLANDER & CHICOINE P.C.
Two Newton Place, Suite 200
Newton, MA 02458-1633
Tel. (617) 964-5400

## CERTIFICATE OF SERVICE

I, Denise A. Chicoine, Esq., hereby certify that I served the enclosed

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

on defendant's counsel of record by sending a true copy of same to:

Barry A. Guryan, Esq.
Heather C. Krauss, Esq.
Foley & Lardner LLP
111 Huntington Avenue, 26th Fl.
Boston, MA 02199

via electronic delivery this twenty-first day of February, 2005.

Denise A. Chicoine, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL F. ELDRIDGE, | ) | Civil Action 04 12506 MEL |
|     Plaintiff | ) | |
| v. | ) | |
| | ) | |
| ETHAN ALLEN, INC. | ) | |
|     Defendant | ) | |

## **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

**FACTS**

Plaintiff Michael F. Eldridge ("Mr. Eldridge") worked for Ethan Allen from 1999 until October 20, 2003. Mr. Eldridge was a truck driver who received successive promotions to the position of Warehouse Manager. In July 2003, Mr. Eldridge tore ligaments in both of his knees in a non-work related accident. In August 2003, Mr. Eldridge notified Defendant of his need for medical leave for arthroscopic knee surgery. In early September 2003, Mr. Eldridge provided Defendant with medical documentation confirming his knee surgery was scheduled for October 23, 2003. Three days before the scheduled surgery, Mr. Eldridge pulled his back during a furniture delivery and reported this injury to his direct supervisor. Defendant terminated Mr. Eldridge's employment that day, on October 20, 2003, and simultaneously terminated Mr. Eldridge's health insurance coverage. Due to the cancellation of his health insurance coverage seventy-two hours before a needed medical procedure, Mr. Eldridge personally incurred extensive liability. The simultaneous termination of Mr. Eldridge's employment and

health insurance coverage directly contravenes M.G.L. ch. 175, § 110D.[1]

**ARGUMENT**

> **The factual record before the Court is not sufficiently developed to determine whether Defendant's stop-loss insurance converts its alleged self-funded employee benefit plan into an insured plan for ERISA pre-emption purposes.**

The statute at issue in this case, M.G.L. ch. 175, § 110D, is a mandated-benefit law which regulates insurance within the meaning of the saving clause and is therefore not pre-empted by ERISA. *See Metropolitan Life Ins. Co. v. Mass.*, 471 U.S. 724, 746 (1985); *Cellilli v. Cellilli*, 939 F. Supp. 72, 76-77 (D. Mass. 1996); *Bergin v. Wausau*, 836 F. Supp. 34 (D. Mass. 1994) (construing 29 U.S.C. § 1144(b)(2)(A) and M.G.L. ch. 175 § 110I). State laws that are 'saved' under ERISA "do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies." *FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990). In *FMC*, the Supreme Court defined a self-funded plan as one which "does not purchase an insurance policy from *any* insurance company in order to satisfy its obligations to its participants." 498 U.S. at 54 (emphasis added). Stop-loss insurance, by which an employer that self-funds its benefit plan insures against the risk of excessive payouts, does not fit neatly into ERISA's regulatory framework. *Stop-Loss Insurance, State Regulation, and ERISA: Defining the Scope of Federal Preemption*, 34 Harv. J. on Legis. 233 (1997).

---

[1] The statute is entitled "Coverage for certain period after insured leaves insured group" and provides in relevant part:
> Every policy of insurance issued after January first, nineteen hundred and sixty-eight under the provisions of section one hundred and ten shall contain a provision that, in the event that the insured person leaves the group covered by such insurance, said person shall remain insured under such policy for a period of thirty-one days thereafter unless, during such period, he shall otherwise be entitled to similar benefits. The provisions of this paragraph shall apply to any policy issued or renewed within or without the commonwealth and which covers residents of the commonwealth.

The Supreme Court has grown "more guarded" in interpreting the scope of ERISA, and emphasizes the starting presumption that "Congress does not intend to supplant state law." *See Carpenters Local Union No. 26 v. U.S. Fidelity & Guaranty Co.*, 215 F.3d 136, 139 (2000); *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, 654 (1995). The Court has been careful to note the field of health care is distinctive and there is no ERISA preemption in health care without clear manifestation of congressional purpose. *Pharmaceutical Care Management Ass'n v. Rowe*, 307 F. Supp.2d 164, 181-82 (D.Me. 2004).

In the present case, Ethan Allen asserts its status as a self-funded plan permits it to circumvent the clear statutory mandate of M.G.L. ch. 175, § 110D under the guise of ERISA preemption. However, whether a stop-loss plan renders the employee benefit plan insured is a complex, fact-intensive analysis. "We look beyond form to the substance of the relationship between the plan, the participants, and the [stop-loss] insurance carrier to see whether the plan is in fact purchasing insurance for itself and not for the plan participants, recognizing that as insurance is less for catastrophic loss, it is increasingly like accident and sickness insurance for plan participants." *Brown v. Granatelli*, 897 F.2d 1351, 1355 (5th Cir.1990); *see also Northern Kare Facilities/Kingdom Kare, LLC v. Benefirst, LLC*, 344 F. Supp.2d 283, 289 (D.Mass. 2004) (considered existence of legal relationship between stop-loss insurance company and any person covered under ERISA plan to determine whether stop-loss insurance plan itself constituted an ERISA plan).

To properly respond to Defendant's Motion to Dismiss, Plaintiff requires discovery regarding the implementation and structure of Defendant's self-insured plan and stop-loss coverage. Specifically, commentators and caselaw indicate the relevant considerations include:

Page 3 of 5

a.  details of the notification provided to employees when the employer adopted the self-funded plan;

b.  the named insured on the stop-loss policy;

c.  the administrator of the stop-loss policy: whether it is (i) an insurance company and (ii) an entity distinct from the stop-loss provider;

d.  whether there is a "trigger point" independent of the deductibles at which the stop-loss insurance is activated;

e.  whether the stop-loss provider assumes administration of the Plan when the "trigger point" is reached;

f.  whether the stop-loss insurer retains any authority to approve or deny employee claims for health care benefits; and

g.  whether there are any circumstances in which the stop-loss coverage pays benefits directly to participants.

The simple fact that Defendant did not tap into the stop-loss coverage in 2003 is not dispositive of whether its plan is self-funded for ERISA pre-emption purposes.

The determination that Defendant's plan is self-funded and therefore relieved from state insurance regulation implicates important public policy. Such a finding would impede the ability of the state to mandate health insurance coverage for vulnerable laid-off employees. As an issue of first impression, this matter warrants careful scrutiny and a properly developed factual record.

**CONCLUSION**

This Court must deny Defendant's Motion to Dismiss at this stage of the litigation because it does not appear beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Regarding summary judgment on Count IV of the Complaint, many more facts are needed to assess the complex issue of whether Defendant's stop-loss coverage precludes a finding that its health plan is self-funded for ERISA pre-emption purposes. Accordingly, this Court should deny Defendant's Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure Rule 56(f), to permit discovery of the essential facts regarding the status of Defendant's plan.

Respectfully submitted,
Michael F. Eldridge

By his attorneys,

Date: February 21, 2005

Edward S. Englander (BBO # 154540)
Denise A. Chicoine (BBO # 564152)
ENGLANDER & CHICOINE P.C.
Two Newton Place, Suite 200
Newton, MA 02458-1633
Tel. (617) 964-5400