UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL F. ELDRIDGE,

     *Plaintiff,*

v.

ETHAN ALLEN, INC.           CIVIL ACTION
                              NO. 04-12506-MEL

     *Defendant.*

## DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE REPLY BRIEF

Pursuant to LR 7.1(B)(3), Defendant Ethan Allen Inc. ("Ethan Allen") hereby moves for leave to file a reply brief to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Ethan Allen's proposed reply brief is attached hereto as Exhibit A. In support of this Motion, Ethan Allen states that a reply brief is necessary to address and clarify several issues raised in Plaintiff's Opposition and supporting memorandum, which will be of assistance to the Court in ruling on the Motion to Dismiss. Plaintiff's counsel does not oppose this Motion.

WHEREFORE, Ethan Allen Inc. respectfully requests that it be allowed to file the attached Memorandum in Reply to Plaintiff's Opposition to Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

Respectfully submitted,

ETHAN ALLEN INC.

/s/: Heather C. Krauss
Barry A. Guryan, BBO # 214920
Heather C. Krauss, BBO # 644457
FOLEY & LARDNER LLP
111 Huntington Avenue
26th Floor
Boston, MA 02199
Tel: (617) 342-4000
Dated: March 2, 2005                          Fax: (617) 342-4001

## CERTIFICATE OF SERVICE

I, Heather C. Krauss, hereby certify that on March 2, 2005, a true copy of the foregoing document was served electronically upon counsel for Plaintiff:

Denise A. Chicoine, Esq.
Englander & Chicoine, P.C.
Two Newton Place
Suite 200
Newton, MA 02458-1634

/s/: Heather C. Krauss
Heather C. Krauss

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to LR 7.1, I hereby certify that counsel for Defendant and counsel for Plaintiff conferred by telephone on March 2, 2005 in good faith, and that counsel for Plaintiff does not oppose Defendant's Motion for Leave to File Reply Brief.

Dated: March 2, 2005

/s/: Heather C. Krauss
Heather C. Krauss

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
                                        )
MICHAEL F. ELDRIDGE,                    )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )
                                        )
ETHAN ALLEN, INC.                       )    CIVIL ACTION
                                        )    NO. 04-12506-MEL
            Defendant.                  )
                                        )
```

## DEFENDANT'S MEMORANDUM IN REPLY
## TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
## OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant Ethan Allen Inc. ("Ethan Allen") hereby submits the following Memorandum
in Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative,
Motion for Summary Judgment ("Opposition").

I.    Plaintiff Does Not Oppose The Motion to Dismiss Count V.

As an initial matter, Plaintiff states in his Opposition that he does not oppose Ethan
Allen's motion to dismiss his claim for violation of the overtime provisions of the Massachusetts
Minimum Fair Wage Law (Count V).  Consequently, this Court should dismiss Count V with
prejudice.

II.   Plaintiff Fails to Establish that Count IV Survives Dismissal.

In addition, Plaintiff's Opposition fails to raise issues sufficient to preclude dismissal of
his claim for violation of Mass. Gen. Laws ch. 175, § 110D (Count IV).  In its Memorandum of
Law in Support of Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary
Judgment ("Memorandum"), Ethan Allen argued that Count IV warranted dismissal for two

independent reasons: (1) because Plaintiff lacks standing to bring a private cause of action against Ethan Allen for enforcement of Mass. Gen. Laws ch. 175, § 110D; and, (2) because that statute, as applied to Ethan Allen's self-funded employee benefits plan, is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

Plaintiff completely ignores Ethan Allen's first argument. Neither Ethan Allen nor Plaintiff have found any case or statutory provision that confers on an individual the right to bring a lawsuit against his or her employer to enforce the terms of Mass. Gen. Laws ch. 175, § 110D. To the contrary, Andrews-Clarke v. Lucent Tech., Inc., 157 F.Supp.2d 93 (D.Mass. 2001), plainly held that statutes directed towards the regulation of insurance *do not* create a private cause of action. See id. at 106. The Court then noted that Chapters 174A – 179 of the Massachusetts General Laws contain these types of statutes. Id. at 106 n.12. This Court should follow the reasoning of Andrews-Clarke to find that Plaintiff lacks standing to bring a private cause of action to enforce Mass. Gen. Laws ch. 175, § 110D.

Because Plaintiff's lack of standing alone merits dismissal of Count IV, this Court need not address Plaintiff's assertion that discovery is needed in order to learn more about Ethan Allen's self-insured health benefits plan and stop-loss coverage. At any rate, this contention lacks merit. As explained in the Affidavit of Cindy Salerno ("Salerno Aff."), which is attached as Exhibit A to Ethan Allen's Memorandum, the health care plan offered to Ethan Allen's retail sector employees and their qualified dependents in 2003 was self-funded by Ethan Allen. See Salerno Aff. at ¶ 6. Although Ethan Allen purchased "stop loss" coverage to protect itself from catastrophic losses, it did not make *any* claims under its stop loss policy in 2003, even though nearly *6,500* individuals were enrolled in the self-funded plan. See id. In the most analogous case regarding this issue, Bergin v. Wausau Ins. Cos., the Court held that under similar

2

circumstances, the plan at issue "must be deemed primarily self-funded." 863 F.Supp. 34, 37 n.4 (D.Mass. 1994).

Moreover, the instant facts presents a very different situation than the situation contemplated in Brown v. Granatelli, a 1990 Fifth Circuit Court of Appeals case regarding the issue of whether or not a Texas statute mandating certain health insurance coverage applied to a stop loss policy, and which Plaintiff cites to in his Opposition. The Court in Brown ultimately held that the stop-loss policy at issue constituted coverage for the health insurance plan, not for the plan's participants, and that the Texas statute did not apply. See 897 F.2d 1351, 1355 (5th Cir. 1990). However, the Court cautioned that:

> If, for example, a [employee benefit] plan paid only the first $500 of a beneficiaries' health claim, leaving all else to the insurer, labeling its coverage stop-loss or catastrophic coverage would not mask the reality that it is close to a simple purchase of group accident and sickness coverage. 897 F.2d 1351, 1355 (5th Cir. 1990).

Ethan Allen's stop loss coverage – which had a $200,000 specific deductible and was not tapped into at all in 2003 – is not a mere conduit for claims from health care plan participants to the stop loss insurer, as described above in Brown. See Salerno Aff. at ¶ 6. In short, the facts presented by Ethan Allen in support of its underlying Motion to Dismiss are adequate enough for the Court to conclude at this stage of the litigation that its health benefits plan is a self-funded one, and that Count IV is, therefore, pre-empted by ERISA. See Bergin, 863 F.Supp. at 37, 37 n.4.

III.    Conclusion

For these reasons, as well as those set forth in the initial Memorandum of Law in Support of Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, Ethan Allen's Motion to Dismiss should be granted in its entirety.

Respectfully submitted,

ETHAN ALLEN INC.

/s/: Heather C. Krauss
Barry A. Guryan, BBO # 214920
Heather C. Krauss, BBO # 644457
FOLEY & LARDNER LLP
111 Huntington Avenue
26th Floor
Boston, MA 02199
Tel: (617) 342-4000
Dated: March 2, 2005                Fax: (617) 342-4001


## CERTIFICATE OF SERVICE

I, Heather C. Krauss, hereby certify that on March 2, 2005, a true copy of the foregoing document was served electronically upon counsel for Plaintiff:

Denise A. Chicoine, Esq.
Englander & Chicoine, P.C.
Two Newton Place
Suite 200
Newton, MA  02458-1634

/s/: Heather C. Krauss
Heather C. Krauss