**E N D O R S E M E N T**

MICHAEL F. ELDRIDGE v. ETHAN ALLEN, INC.
04-CV-12506-MEL

LASKER, D.J.

  Michael F. Eldridge sues his former employer, Ethan Allen, Inc., alleging violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et* seq. (Count I); discrimination on the basis of handicap in violation of M.G.L. c. 151B (Count II); retaliation on the basis of work-related injury in violation of M.G.L. c. 152 §§ 75A and 75B (Count III); violation of M.G.L. c. 175 § 110D (Count IV); and violation of the overtime provisions of the Massachusetts Minimum Fair Wage Law, M.G.L. c. 151 § 1B (Count V). Ethan Allen moves to dismiss Counts IV and V or, in the alternative, for summary judgment. Eldridge opposes Ethan Allen's motion only with respect to Count IV.

  Ethan Allen argues that Count IV requires dismissal because M.G.L. c. 175 § 110D, as applied to Ethan Allen's self-funded employee benefit plan, is preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. See 29 U.S.C. § 1144(a)(ERISA generally preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan"); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987); Bergin v. Wausau Ins. Companies, 863 F.Supp. 34 (D. Mass. 1994). Ethan Allen also contends that Eldridge lacks standing to enforce M.G.L. c. 175 § 110D by filing a civil suit against his employer.

  In opposition, Eldridge maintains that the factual record is not sufficiently developed to determine whether Ethan Allen's stop-loss insurance converts it self-funded employee benefit plan into an insured plan which the state can regulate under ERISA's savings clause. See Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 746 (1985); Cellilli v. Cellilli, 939 F.Supp. 72, 76-77 (D. Mass. 1996). Eldridge further asserts that although no specific remedy or enforcement mechanism is mandated under M.G.L. c. 175 § 110D, declaratory judgment is still an available remedy.

  I find that Eldridge lacks standing to bring a claim under M.G.L. c. 175 § 110D. It is therefore unnecessary to reach the question of whether Ethan Allen's employee benefits plan is preempted by ERISA. The case law establishes that statutes directed towards the regulation of insurance, found in M.G.L. Chapters 174 through 178, do not confer a private right of action

for individuals seeking to enforce these provisions. <u>See Andrews-Clarke v. Lucent Tech., Inc.</u>, 157 F.Supp.2d 93, 106 n. 12 (D. Mass. 2001).

      Accordingly, Ethan Allen's motion to dismiss Counts IV and V is GRANTED.

      It is so ordered.


Dated:   April 11, 2005
        Boston, Massachusetts    <u>/s/ Morris E. Lasker</u>
                                                U.S.D.J.