UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL F. ELDRIDGE, | ) | Civil Action 04 12506 MEL |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| ETHAN ALLEN, INC. | ) | |
| Defendant | ) | |

## MOTION FOR LEAVE TO AMEND COMPLAINT

NOW COMES the plaintiff, Michael F. Eldridge, pursuant to Federal Rules of Civil Procedure Rule 15(a), to request leave to amend the Complaint in the above-entitled action. In support hereof, Mr. Eldridge states the following:

1. Pursuant to Fed.R.Civ.P. 15(a), a party may amend pleadings "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

2. Two of the new counts in the proposed Amended Complaint, Count IV and Count V, are necessary in view of this Court's ruling in April 2005 that individuals lack standing under M.G.L. Chapter 175.

3. The other two new counts, Count VI and Count VII, and the addition of a new party, are based on recently discovered information.

4. The proposed Amended Complaint will not prejudice Defendants' rights given the incipient phase of this litigation. Defendant has not yet answered the Complaint.

5. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of . . . . undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

WHEREFORE Plaintiff requests this Court to allow this motion to amend and permit Plaintiff to file the attached Amended Complaint.

                                      Respectfully submitted,
                                      Michael F. Eldridge

                                      By his attorneys,

Date:   May 18, 2005

                                      Edward S. Englander (BBO # 154540)
                                      Denise A. Chicoine (BBO# 564152)
                                      Two Newton Place, Suite 200
                                      Newton, MA  02458-1634
                                      Tel. No. (617) 964-5400
                                      Fax. No. (617) 969-1694

## CERTIFICATE OF SERVICE

I, Denise A. Chicoine, Esq., hereby certify that I served the enclosed

**MOTION FOR LEAVE TO AMEND COMPLAINT**

on defendant's counsel of record by sending a true copy of same to:

Barry A. Guryan, Esq.
Heather C. Krauss, Esq.
Foley & Lardner LLP
111 Huntington Avenue, 26th Fl.
Boston, MA 02199

via electronic delivery this eighteenth day of May, 2005.

                                                Denise A. Chicoine, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL F. ELDRIDGE, | ) | Civil Action 04 12506 MEL |
| Plaintiff | ) | |
| v. | ) | |
| | ) | **AMENDED COMPLAINT** |
| ETHAN ALLEN, INC. and | ) | |
| DENNA HAMILTON, | ) | |
| Defendants | ) | |

## INTRODUCTION

Plaintiff Michael F. Eldridge brings this Complaint against his former employer, Ethan Allen Inc., seeking compensation for lost wages and other damages arising out of Defendants wrongfully terminating his employment and committing other statutory violations.

## PARTIES

1. Plaintiff Michael Eldridge ("Mr. Eldridge") is an adult individual who resides at 97 Whitford Street, Wakefield, Rhode Island.

2. Defendant Ethan Allen Inc. ("Ethan Allen") is a corporation organized and existing under the laws of Delaware, having its principal place of business at Ethan Allen Drive, P.O. Box 1966, Danbury, Connecticut.

3. Defendant Denna Hamilton is an adult individual who resides in Arlington, Massachusetts.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 2617 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue in this district is proper because the unlawful practices of which Plaintiff complains occurred within this district, Ethan Allen maintains a place of employment in Franklin,

Massachusetts, and Defendant Hamilton resides in this district, as required by 28 U.S.C. § 1391.

## FACTS

6. Mr. Eldridge began working for Ethan Allen in 1999 as a truck driver.

7. Mr. Eldridge received successive promotions to the position of supervisor, interim manager, and ultimately warehouse manager.

8. Mr. Eldridge served Ethan Allen diligently and met all of his obligations to Ethan Allen.

9. During 2003 Mr. Eldridge received health insurance coverage through his enrollment in Ethan Allen's self-funded Anthem Blue Cross/Blue Shield Preferred Provider Organization.

10. Throughout his employment, Mr. Eldridge paid Ethan Allen a premium for his health insurance coverage through weekly payroll deductions.

11. During 2003 Mr. Eldridge was entitled to short-term disability coverage through Ethan Allen's self-funded Salary Continuation Plan.

12. During 2003 Defendant Hamilton was Mr. Eldridge's direct supervisor.

13. During 2003 Defendant Hamilton's compensation consisted in part of a bonus related to reducing Ethan Allen's operating expenses in her district, which expenses included employee claims under the self-funded health insurance plan and the self-funded short-term disability insurance plan.

14. In July 2003, Mr. Eldridge tore ligaments in both of his knees in a non-work related accident.

15. In August 2003, Defendants denied Mr. Eldridge's request for additional time off from work because of his knee problems.

16. Also in August 2003, Defendants pressured Mr. Eldridge to delay needed arthroscopic surgery for his knee problems.

17. On two occasions in late August 2003, Mr. Eldridge notified Defendants of his need for medical leave.

18. In early September 2003, Mr. Eldridge provided Defendants with medical documentation confirming his knee surgery scheduled for October 23, 2003.

19. On October 4, 2003, Mr. Eldridge provided Defendants with written notification that his knee surgery was scheduled for October 23, 2003.

20. On October 8, 2003, Defendants issued to Mr. Eldridge a substandard performance review which included unwarranted criticism never before discussed with Mr. Eldridge.

21. On October 20, 2003, Mr. Eldridge pulled his back during a furniture delivery and reported this injury to Defendant Hamilton.

22. Defendants terminated Mr. Eldridge's employment on October 20, 2003.

23. Ethan Allen terminated Mr. Eldridge's health insurance coverage on October 20, 2003.

24. Ethan Allen terminated Mr. Eldridge's short-term disability insurance coverage on October 20, 2003.

25. Mr. Eldridge paid to Ethan Allen his health insurance premium for the pay period October 19, 2003 though October 25, 2003.

26. Mr. Eldridge underwent knee surgery on October 23, 2003 without the benefit of any health insurance coverage.

27. As a direct result of Ethan Allen wrongfully terminating Mr. Eldridge and cancelling all insurance

coverage for Mr. Eldridge as of October 20, 2003, Mr. Eldridge also personally incurred liability for necessary knee surgery on December 20, 2003.

## CLAIMS FOR RELIEF

### COUNT I

### Violations of the Family Medical Leave Act (FMLA)
### 29 U.S.C. § 2601 et seq.
### Defendant Ethan Allen

28. Mr. Eldridge hereby realleges and incorporates by reference every allegation contained in paragraphs 1-27.

29. At all times relevant, Defendant was an employer covered by the FMLA.

30. At all times relevant, Plaintiff was an employee protected by the FMLA. Mr. Eldridge worked at least 1,250 hours in the twelve-month period preceding September 2003.

31. Plaintiff put Defendant on notice of his serious health condition during the summer of 2003.

32. Defendant denied Mr. Eldridge's ability to exercise his FMLA rights.

33. Defendant further violated the FMLA by discriminating against Mr. Eldridge and then discharging him from employment, all in retaliation for attempting to exercise his FMLA rights.

34. Defendant's conduct constitutes a wilful violation of the FMLA.

### COUNT II

### Violations of M.G.L. Chapter 151B
### Defendant Ethan Allen

35. Mr. Eldridge hereby realleges and incorporates by reference every allegation contained in

paragraphs 1-34.

36. At all times relevant, Defendant was an employer covered by M.G.L. Chapter 151B.

37. At all times relevant, Mr. Eldridge was an employee protected by the provisions of M.G.L. Chapter 151B, § 4, as defined by M.G.L. Chapter 151B, § 1(8).

38. In addition, Mr. Eldridge was covered by M.G.L. Chapter 151B pursuant to M.G.L. Chapter 152 § 75B(1) because he suffered an injury at work on October 20, 2003.

39. Throughout his employment with Defendant, Mr. Eldridge was capable of performing the essential functions of his position.

40. Starting in July 2003, Mr. Eldridge was a qualified individual with a disability within the meaning of M.G.L. Chapter 151B §1(17) or was perceived as being disabled.

41. Starting in August 2003, Mr. Eldridge sought medical leave from Defendant as a reasonable accommodation for his disability.

42. Starting in August 2003, Defendant subjected Mr. Eldridge to a series of adverse employment actions and then terminated his employment in October 2003.

43. Defendant took adverse employment actions against Mr. Eldridge, including terminating his employment, because of his disability or perceived disability.

44. Defendant's conduct constitutes a wilful violation of M.G.L. Chapter 151B.

45. Mr. Eldridge timely filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) charging Defendant with unlawful disability discrimination.

## COUNT III

### Violations of the Massachusetts Worker Compensation Statute
### M.G.L. Chapter 152 §§ 75A and 75B
### Defendant Ethan Allen

46. Mr. Eldridge hereby realleges and incorporates by reference every allegation contained in paragraphs 1-45.

47. On October 20, 2003, Mr. Eldridge suffered a work-related injury which he immediately reported to Defendant Hamilton.

48. Defendants terminated Mr. Eldridge's employment just hours after he sustained and reported his work-related injury.

49. Defendant terminated Mr. Eldridge in retaliation for exercising rights under the Worker Compensation statute, in violation of M.G.L. Chapter 152 § 75B(2).

50. Defendant failed to provide Mr. Eldridge with a preference for rehire in violation of M.G.L. Chapter 152 § 75A.

## COUNT IV

### Breach of Contract
### Defendant Ethan Allen

51. Mr. Eldridge hereby realleges and incorporates by reference every allegation contained in paragraphs 1-50.

52. Mr. Eldridge entered into a contract with Defendant whereby he paid a premium for health insurance coverage through weekly payroll deductions.

53. Mr. Eldridge met his obligation under the parties' contract by paying his health insurance

premium for the pay period October 19, 2003 though October 25, 2003.

54. Defendant breached the parties' contract by terminating Mr. Eldridge's health insurance coverage and refusing to provide such coverage through October 25, 2003.

55. As a direct result of Defendant's breach of the parties' contract, Mr. Eldridge has suffered damages, including but not limited to, personally incurring extensive debt for health care.

## COUNT V

### Breach of Covenant of Good Faith and Fair Dealing
### Defendant Ethan Allen

56. Mr. Eldridge hereby realleges and incorporates by reference every allegation contained in paragraphs 1-55.

57. Defendant owed Mr. Eldridge a duty of good faith and fair dealing by virtue of Mr. Eldridge's employment with Defendant.

58. Defendant breached its duty of good faith and fair dealing by failing to maintain a policy of insurance which complies with the provisions of M.G.L. Chapter 175 § 110D, which requires benefit continuation for thirty-one days after the insured person leaves the covered group.

59. Defendant breached its duty of good faith and fair dealing by terminating Mr. Eldridge's employment to prevent Mr. Eldridge from receiving benefits to which he was otherwise entitled under the company's self-funded health insurance plan and the self-funded short-term disability insurance plan.

60. Defendant also breached its duty of good faith and fair dealing by interposing a frivolous challenge to Mr. Eldridge's application for benefits from the Division of Unemployment Assistance.

61. As a direct and proximate result of Defendant's breaches of the covenant of good faith and fair dealing, Mr. Eldridge personally incurred liability for the costs of his two knee surgeries, on October 23, 2003 and December 20, 2003.

## COUNT VI

### Fraud
### Defendant Ethan Allen

62. Mr. Eldridge hereby realleges and incorporates by reference every allegation contained in paragraphs 1-61.

63. Defendant represented that Mr. Eldridge would be entitled to health insurance coverage upon his payment of a monthly premium and short-term disability coverage upon his completion of three months of continuous service.

64. Defendant made the representations at the commencement of Mr. Eldridge's employment and at various times during his employment, in its employee handbook and in December 2002 in the Group Insurance Handbook.

65. Defendant's representations were material facts upon which Mr. Eldridge relied in accepting and continuing employment at Ethan Allen.

66. Defendant's material representations were false because Ethan Allen's compensation structure for management created an incentive to eliminate employee claims under the company's self-funded health insurance plan and the self-funded short-term disability insurance plan.

67. Defendant made the material representations with knowledge of the falsity of the representations.

68. Defendant made the material misrepresentations for the purpose of inducing Mr. Eldridge to

continue employment with Ethan Allen.

69. Mr. Eldridge justifiably relied upon Defendant's material misrepresentations in continuing employment with Ethan Allen.

70. As a direct result of his reasonable reliance upon Defendant's material misrepresentations, Mr. Eldridge suffered damages including emotional distress, damage to his professional reputation, loss of career opportunities, and impairment of earning capacity, in addition to personally incurring liability for the costs of his two knee surgeries on October 23, 2003 and December 20, 2003.

## COUNT VII

### Tortious Interference With Contractual Relations
### Defendant Hamilton

71. Mr. Eldridge hereby realleges and incorporates by reference every allegation contained in paragraphs 1-70.

72. Mr. Eldridge had a contractual employment relationship with Ethan Allen which included his entitlement to benefits under the company's self-funded health insurance plan and self-funded short-term disability insurance plan.

73. Defendant Hamilton interfered with Mr. Eldridge's contract by inducing Ethan Allen to breach the employment relationship and thereby prevent Mr. Eldridge from receiving benefits to which he was otherwise entitled under the company's self-funded health insurance plan and the self-funded short-term disability insurance plan.

74. Defendant Hamilton used improper means motivated by her personal gain to induce Ethan Allen to breach its contract with Mr. Eldridge.

75. Defendant Hamilton had a malignant motive against public policy when she induced Ethan Allen to breach its contract with Mr. Eldridge.

76. Mr. Eldridge suffered damages as a result of Defendant Hamilton's tortious interference with the contract with Ethan Allen, including emotional distress, damage to his professional reputation, loss of career opportunities, and impairment of earning capacity in addition to personally incurring liability for the costs of his two knee surgeries, on October 23, 2003 and December 20, 2003.

**WHEREFORE**, Plaintiff demands judgment in his favor and prays that this Court:

   a. on Count I, award Plaintiff compensatory damages equal to his lost wages and benefits, interest on the compensatory damages, and liquidated damages equal to the sum of the amount of the compensatory damages and the interest thereon;

   b. on Counts II and III, enter a monetary award for Plaintiff for the actual damages he suffered, punitive damages, and Plaintiff's reasonable attorneys' fees;

   c. on Count IV, enter a monetary award for the damages Plaintiff incurred due to Defendant's breach of contract;

   d. on Count V, enter a monetary award for the damages Plaintiff incurred due to Defendant's breach of the covenant of good faith and fair dealing;

   e. on Count VI, enter a monetary award to compensate Plaintiff for the damages suffered as a result of Defendant's fraudulent conduct;

   f. on Count VII, enter a monetary award to compensate Plaintiff for the damages suffered

  as a result of the tortious interference with contractual relations;

g. award Plaintiff statutory interest and the costs of this action; and

h. grant such other and further relief as this Court deems just.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,
Michael F. Eldridge

By his attorneys,

Date: May 18, 2005

Edward S. Englander (BBO # 154540)
Denise A. Chicoine (BBO # 564152)
ENGLANDER & CHICOINE P.C.
Two Newton Place, Suite 200
Newton, MA 02458-1633
Tel. (617) 964-5400