UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL F. ELDRIDGE, | ) |
| Plaintiff, | ) |
| v. | ) |
| ETHAN ALLEN, INC. | )   CIVIL ACTION |
| Defendant. | )   NO. 04-12506-MEL |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendant, Ethan Allen, Inc. ("Ethan Allen"), hereby opposes Plaintiff's Motion for Leave to Amend Complaint.[1]  As grounds for its Opposition, Ethan Allen states as follows:

### PROCEDURAL BACKGROUND

On or about November 24, 2004, Plaintiff filed a five-count Complaint against Ethan Allen in which he asserted the following claims:  violation of the Family Medical Leave Act ("FMLA") (Count I); handicap discrimination in violation of Mass. Gen. Laws ch. 151B ("Chapter 151B") (Count II); retaliation on the basis of a work-related injury in violation of the Massachusetts Workers' Compensation Act, Mass. Gen. Laws ch. 152, § 75B ("WCA") (Count III); violation of Mass. Gen. Laws ch. 175, § 110D (Count IV); and violation of the overtime provisions of the Massachusetts Minimum Fair Wage Law (Count V).

On January 31, 2005, Ethan Allen filed a Motion to Dismiss Counts IV and V of the original Complaint.  In that Motion, Ethan Allen argued that Count IV merited dismissal because

---

[1] Ethan Allen expressly reserves the right to file a response to the remaining claims in Plaintiff's original Complaint, or a response to the claims in the proposed Amended Complaint, depending on how the Court rules on Plaintiff's

Mass. Gen. Laws ch. 175, § 110D, as applied to its self-funded employee benefits plan, is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Ethan Allen also argued that Plaintiff lacked standing to bring a private cause of action to enforce Mass. Gen. Laws ch. 175, § 110D. With respect to Count V, Ethan Allen argued that the Court lacked subject matter jurisdiction because Plaintiff had failed to exhaust his administrative remedies by first filing a complaint for non-payment of wages with the Office of the Attorney General.

On April 21, 2005, an Order entered in which this Court dismissed Count IV on the grounds that Eldridge lacked standing to bring a claim under Mass. Gen. Laws ch. 175, § 110D. The Court also dismissed Count V based on Plaintiff's lack of opposition to Ethan Allen's motion to dismiss. Consequently, Plaintiff's only surviving claims from his original Complaint are for alleged violations of Chapter 151B, the FMLA, and the WCA.

On May 18, 2005, Plaintiff filed a Motion for Leave to Amend Complaint, with the proposed Amended Complaint ("Amended Compl.") attached. In his proposed Amended Complaint, Plaintiff seeks to add three new common law claims against Ethan Allen: breach of contract (Count IV); breach of the covenant of good faith and fair dealing (Count V); and fraud (Count VI). In addition, Plaintiff attempts to assert a tortious interference with contractual relations claim (Count VII) against a new defendant, Denna Hamilton. Plaintiff's proposed new claims represent an attempt to circumvent the Court's Order dismissing his claim for violation of Mass. Gen. Laws ch. 175, § 110D, which similarly sought damages for the cost of two post-termination knee surgeries.

---

Motion for Leave to Amend Complaint. By filing this Opposition, Ethan Allen is not waiving any rights in that regard.

Case 1:04-cv-12506-WGY    Document 12    Filed 06/08/2005    Page 3 of 10


Because all of Plaintiff's proposed new claims are preempted by ERISA, they would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2] Consequently, Ethan Allen contends that this Court should deny Plaintiff's Motion for Leave to Amend Complaint on the grounds that amendment would be futile. Furthermore, Plaintiff failed to comply with the procedures set forth in LR 15.1(B) regarding service of a motion to amend to add a new party. In short, Plaintiff' Motion for Leave to Amend Complaint lacks merit and should be denied.

## ARGUMENT

While motions to amend are liberally granted pursuant to Fed. R. Civ. P. 15(a), a court has discretion to deny them if it believes that, as a matter of law, amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 792 (1st Cir. 1995); DelMonte v. Laidlaw Envtl. Serv., Inc., 46 F.Supp.2d 89, 97-98 (D.Mass. 1999). In this case, adding the state common law claims set forth in Plaintiff's proposed Amended Complaint would be futile because they are pre-empted by ERISA. (Indeed, Plaintiff has plead the existence of ERISA plans as a backdrop for the new claims in his proposed Amended Complaint. See Amended Compl. at ¶¶ 9, 11.) Because the new claims presented in Plaintiff's proposed Amended Complaint cannot survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Motion for Leave to Amend Complaint should be denied.

A.    Plaintiff's New Claims in his Proposed Amended Complaint Are Preempted by ERISA.

Section 514(a) of ERISA supersedes "any and all State laws insofar as they now or hereafter relate to any employee benefit plan...." 29 U.S.C.A. § 1144(a). This preemption clause has been described as "conspicuous for its breadth." Ingersoll-Rand Co. v. McClendon,

---

[2] Indeed, the arguments made in this Opposition are the same arguments that Ethan Allen would raise in a Motion to

498 U.S. 133, 138 (1990) (internal citation omitted). See also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 46 (1987) (recognizing broad scope and purposes of preemption clause). "In adopting Section 514(a), Congress deliberately rejected narrower preemption language directed at 'state laws relating to the specific subjects covered by ERISA,' choosing instead to supplant all state laws that 'relate to' ERISA-regulated plans." Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 49 (1st Cir. 2000) (internal citation omitted). "A law 'relates to' an employee benefit plan...if it has a connection with or reference to such a plan." Ingersoll-Rand Co., 498 U.S. at 139.

There are two tests for determining whether a state law claim is preempted by Section 514(a) because it "relates to" an ERISA plan. First, a cause of action is expressly preempted where a plaintiff, in order to prevail, must plead, and the court must find, that an ERISA plan exists. See Ingersoll-Rand Co., 498 U.S. at 140; Stanford v. AT & T Corp., 927 F.Supp. 524, 525-26 (D.Mass. 1996). Even if there is no express preemption, a state law cause of action is preempted where it conflicts directly with an ERISA cause of action. See Ingersoll-Rand Co., 498 U.S. at 142-43.

*1.   Breach of Contract (Count IV)*

In his breach of contract claim, Plaintiff alleges that he entered into a purported contract with Ethan Allen whereby he paid a portion of his health insurance premium via weekly payroll deductions. See Amended Compl. at ¶ 52. He further alleges that Ethan Allen breached this "contract" by "terminating [his] health insurance coverage and refusing to provide such coverage through October 25, 2003." Amended Compl. at ¶ 54. Plaintiff claims that as a result of the alleged breach, he has "suffered damages, including but not limited to, personally incurring

Dismiss Counts IV, V, VI, and VII of the proposed Amended Complaint pursuant to Fed. R. C v. P. 12(b)(6).

extensive debt for health care." Id. at ¶ 55. Because the Court must recognize the existence of

an ERISA plan and interpret the terms of the plan to determine what the parties' obligations were

with respect to making health insurance premium payments, providing health insurance

coverage, and terminating such coverage, this claim is expressly preempted by ERISA. See, e.g.,

Hampers, 202 F.3d 44 (former employee's allegation that employer breached employment

contract by failing to enroll him in company's supplemental executive retirement plan held to be

preempted by ERISA); Toomey v. Jones, 855 F.Supp. 19 (D.Mass. 1994) (ERISA preempted

common law breach of contract claim). Moreover, the Court will have to refer to the ERISA

plan to determine any damages, which further supports preemption.

   2.   *Breach of the Covenant of Good Faith and Fair Dealing (Count V)*

   Plaintiff's breach of the covenant of good faith and fair dealing claim is also preempted

by ERISA. Plaintiff alleges that Ethan Allen breached this covenant "by terminating Mr.

Eldridge's employment to prevent Mr. Eldridge from receiving benefits to which he was

otherwise entitled under the company's self-funded health insurance plan and self-funded short-

term disability insurance plan." Amended Compl. at ¶ 59.[3] It is well-established that an

employer in Massachusetts can terminate an at-will employee such as Eldridge at any time, with

---

[3] Plaintiff's allegation in Count V that Ethan Allen "breached its duty of good faith and fair dealing by failing to maintain a policy of insurance which complies with the provisions of Mass. Gen. Laws ch. 175, § 110D..." fails to state a claim for other reasons as well. See Amended Compl. at ¶ 58. As set forth in Ethan Allen's Motion to Dismiss Count IV of the original Complaint (and which Plaintiff alleges in his proposed Amended Complaint), the health insurance plan in which Plaintiff was enrolled at the time of his October 20, 2003 termination was a self-funded one. ERISA preempts state laws regulating insurance such as Mass. Gen. Laws ch. 175, § 110D as those laws apply to self-funded plans such as Ethan Allen's. Thus, Ethan Allen was under no obligation to comply with Mass. Gen. Laws ch. 175, § 110D, which regulates the terms of health insurance policies. See generally Def.'s Memorandum of Law in Support of Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Plaintiff's allegation in Count V that Ethan Allen "breached its duty of good faith and fair dealing by interposing a frivolous challenge to Mr. Eldridge's application for benefits from the Division of Unemployment Assistance" would also fail to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Eldridge's employment had ended at the time he applied for unemployment benefits. Moreover, Mass. Gen. Laws ch. 151A, § 46 precludes the use of information secured from the unemployment benefits claims process in other proceedings as Plaintiff seeks to do in Count V.

or without cause.  An exception to this general rule has been made where the employer's termination violates a clearly-established public policy.  See Wright v. Shriners Hosp. for Crippled Children, 412 Mass. 469, 472 (1992).  With respect to this public policy exception, Plaintiff's claim clearly relates to an ERISA plan and is expressly preempted.  See, e.g., Ingersoll-Rand Co., 498 U.S. at 140 (wrongful discharge claim brought by plaintiff required court to find that an ERISA plan existed and that employer had a pension-defeating motive in terminating plaintiff's employment); Fitzgerald v. Codex Corp., 882 F.2d 536 (1st Cir. 1989) (claim that employer terminated plaintiff's employment to avoid payment under an ERISA plan to plaintiff's former wife had much more than the requisite connection or reference to an ERISA plan).

Moreover, the allegation that Ethan Allen terminated Plaintiff in order to deprive him of benefits under its health insurance and short-term disability insurance plans conflicts directly with Section 510 of ERISA and, therefore, Count V is impliedly preempted as well.  See Ingersoll-Rand Co., 498 U.S. at 142-43; Fitzgerald, 882 F.2d at 588; St. Arnaud v. Chapdelaine Truck Center, Inc., 836 F.Supp. 41, 43 (D.Mass. 1993).

Another exception to the employment at-will doctrine is recognized where an employer terminates an employee, without good cause, in order to avoid payment of compensation earned through past services rendered to the employer.  See Fortune v. National Cash Register Co., 373 Mass. 96, 105 (1977).  To the extent that Plaintiff's claim is premised on this exception, Ethan Allen maintains that the claim is preempted because it aims to provide recovery for a termination of benefits under an ERISA plan.  See Campbell v. BankBoston, N.A., 206 F.Supp.2d 70, 79-80 (D.Mass. 2002).  In short, Count V cannot survive a motion to dismiss.

    *3.    Fraud (Count VI)*

Count VI alleges that Ethan Allen made misrepresentations regarding Plaintiff's entitlement to health insurance coverage and short-term disability coverage. Although it is not clear from the proposed Amended Complaint what these misrepresentations were,[4] Plaintiff alleges that they were made at various times during Plaintiff's employment, including in the employee handbook and in a Group Insurance Handbook. See Amended Compl. at ¶ 64. The plaintiff in Stanford v. AT & T Corp., 927 F.Supp. 524 (D.Mass. 1996), similarly alleged that an employer had fraudulently misrepresented her entitlement to benefits. This Court's reasoning in Stanford to support a finding of ERISA preemption applies with equal force in this case: "…it remains the fact that to determine whether the representations made to [Plaintiff] about the Plan were fraudulent, its provisions must be interpreted." See 927 F.Supp. at 526. See also Vartarian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994) (finding that there is simply no cause of action for misrepresentation if there is no ERISA plan); Toomey, 855 F.Supp. 19 (ERISA plan found to be "inextricably implicated" in common law misrepresentation claim). Here, the ERISA plans must be referred to in order to determine whether a misrepresentation of Plaintiff's entitlement to benefits under those plans occurred, and whether his reliance on any alleged misrepresentation about his entitlement to benefits was reasonable. Furthermore, because a portion of the damages sought by Plaintiff is the amount that he allegedly lost as a result of the misrepresentation, the Court's inquiry must be directed to the plan in order to calculate damages. See Carlo, 49 F.3d at 794. In short, where, as here, the alleged fraud relates directly to Plaintiff's rights under the plan,

---

[4] Fed. R. Civ. P. 9(b) requires that the circumstances constituting fraud must be plead with particularity. Count V of the proposed Amended Complaint does not satisfy this requirement. Consequently, Plaintiff's Motion for Leave to Amend Complaint should be denied as futile on these grounds as well.

"the tie between these allegations and the ERISA plan is plain and substantial." Stanford, 927 F.Supp. at 526 (internal citation omitted).

    *4.    Tortious Interference with Contractual Relations (Count VII)*

    Because Plaintiff's claim for tortious interference with contractual relations also suffers from preemption under ERISA, it fails to withstand a motion to dismiss. In this particular claim, Plaintiff asserts that he "had a contractual employment relationship with Ethan Allen, which included his entitlement to benefits under the company's self-funded health insurance plan and self-funded short-term disability insurance plan." Amended Compl. at ¶ 72. Plaintiff alleges that his former supervisor, Denna Hamilton, interfered with this "contract" by "inducing Ethan Allen to breach the employment relationship and thereby prevent Mr. Eldridge from receiving benefits to which he was otherwise entitled" under these plans. See id. at ¶ 73. Count VII is inseparably connected to Ethan Allen's ERISA plans, as the alleged contractual relationship included his entitlement to benefits under such plans. Thus, this Court will need to recognize the existence of the plans, interpret their terms to determine whether or not Plaintiff was "otherwise entitled" to such benefits as alleged, and refer to the plans to calculate a portion of his damages. See, e.g., McMahon v. Digital Equip. Corp., 162 F.3d 28 (1st Cir. 1998) (claim for interference with advantageous relationship preempted because it required plaintiff to prove the terms of an ERISA plan). Consequently, Count VII is expressly preempted by ERISA. Moreover, because this claim, in essence, alleges an interference with the right to receive benefits under an ERISA plan, it is impliedly preempted by Section 510.

    As explained above, Counts IV, V, VI, and VII in the proposed Amended Complaint are all preempted by ERISA and, therefore, they cannot survive a motion to dismiss pursuant to Fed.

R. Civ. P. 12(b)(6).[5]  Consequently, this Court should deny Plaintiff's Motion for Leave to Amend on the grounds that amendment would be futile.

B.    Plaintiff Has Failed to Comply with LR 15.1(B) Regarding the Addition of New Parties.

In addition, Plaintiff's Motion for Leave to Amend Complaint should be denied on the grounds that Plaintiff has failed to comply with LR 15.1(B).  LR 15.1(B) states that:

> A party moving to amend a pleading to add a new party shall serve, in the manner contemplated by Fed. R. Civ. P. 5(b), the motion to amend upon the proposed new party at least ten (10) days in advance of filing the motion, together with a separate documents stating the date on which the motion will be filed.  Id.

The Rule further requires that a motion to amend a pleading to add a new party must be accompanied by a certificate stating that it has been served in advance on the new party.  See id. Plaintiff seeks to add Hamilton as a new defendant in his proposed Amended Complaint, yet he has failed to adhere to any of the procedures set forth in LR 15.1(B).  This, too, should result in denial of Plaintiff's Motion for Leave to Amend Complaint.

---

[5] As noted previously, there are other deficiencies with the proposed new Counts that would also result in dismissal pursuant to Fed. R. Civ. P. 9(b) or 12(b)(6) for failure to state a claim.

## CONCLUSION

For all of the foregoing reasons, Ethan Allen respectfully requests that the Court deny

Plaintiff's Motion for Leave to Amend Complaint.

Respectfully submitted,

ETHAN ALLEN INC.,

By its attorneys,

/s/: Heather C. Krauss
Barry A. Guryan, BBO # 214920
Heather C. Krauss, BBO # 644457
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199

Dated:  June 8, 2005                                         (617) 342-4000

## CERTIFICATE OF SERVICE

I, Heather C. Krauss, hereby certify that on June 8, 2005, a true copy of the foregoing
document was served by U.S. mail upon counsel for Plaintiff:

Denise A. Chicoine, Esq.
Englander & Chicoine P.C.
Two Newton Place
Suite 200
Newton, MA  02458-1634

/s/: Heather C. Krauss
Heather C. Krauss