UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL F. ELDRIDGE, | ) | Civil Action 04 12506 MEL |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| ETHAN ALLEN, INC. | ) | |
| Defendant | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

NOW COMES the Plaintiff Michael F. Eldridge to reply to Defendant Ethan Allen Inc.'s Opposition to Plaintiff's Motion to Amend Complaint.

**ARGUMENT**

**ERISA Does Not Preempt Any of Plaintiff's New Claims Because the Claims Are Premised on the Employer's Conduct, Not the Existence of an ERISA Plan.**

Typically common law claims such as breach of contract and fraud are preempted because they provide an "alternative enforcement mechanism [or] remedy for the violation of a right expressly guaranteed and exclusively enforced by the ERISA statute." *Carpenters Local Union No. 26 v. U.S. Fidelity & Guaranty Co.,* 215 F.3d 136, 141 (2000) (citing *Ingersoll-Rand v. McClendon,* 498 U.S. 133, 145 (1990)). However, Mr. Eldridge is not asserting that any term of Defendant's plan was violated, or that there was fraud in the promised benefits, the scope of the plan, or the distribution of plan assets. Under Defendant's health insurance plan, coverage terminated as of the last day of Mr. Eldridge's employment. This fact forecloses an action by Mr. Eldridge under 29 U.S.C. § 1132(a) for benefits due under the terms of the plan. All of Plaintiff's common law claims are not preempted

because they are posited upon Defendant's duty "outside the proper administration of the benefit plan" – the independent employer-employee relationship. *See Farr v. US West, Inc.*, 58 F.3d 1361, 1366 (9th Cir.1995).

## I. Plaintiff's breach of contract claim is independent of the ERISA plan.

The essence of Plaintiff's breach of contract claim is that Defendant took money from Mr. Eldridge for a stated obligation and then did not perform the obligation. Unlike *Ingersoll-Rand*, the plan itself is not a factor in establishing liability. 498 U.S. at 140. Plaintiff simply must prove that a payroll deduction occurred for the period October 19, 2003 though October 25, 2003 for which no benefit was received. "The provision of contractual benefits alone will not create fiduciary obligations under ERISA where [the entity] exercises little or no discretion in relation to an ERISA plan." *Austin v. General American Life Ins. Co.*, 498 F.Supp. 844, 846 (N.D.Ala.1980). As in *Quigley v. Unum Life Ins. Co.*, "[t]he concern which motivated the enactment of the ERISA preemption provisions, the threat of inconsistent and conflicting state regulation of ERISA plans, is not implicated if this action is allowed to go forward." 688 F.Supp. 80, 82 -83 (D.Mass.,1988). Further, Mr. Eldridge's damages are the costs to restore the *status quo ante*, independent of any ERISA plan benefits.

## II. Liability may be imposed under the covenant of good faith and fair dealing when there is an intent on the part of the employer to benefit financially at the expense of the employee.

"A party may breach the covenant of good faith and fair dealing implicit in every contract without breaching any express term of that contract. Indeed, nowhere is this principle better demonstrated than in the line of cases beginning with *Fortune v. National Cash Register Co.*, 373 Mass. 96 (1977)." *Marx v. Globe Newspaper Co., Inc.*, 2001 WL 43746 *4 (Mass.Super. 2001). In the well-known *Fortune* case, the court held the employer liable for terminating the employment of a salesman to avoid paying a substantial commission the salesman had earned. *Fortune*, 373 Mass. at 98- 99. Since *Fortune*, courts have extended the covenant of good faith and fair dealing beyond

commission sales with deferred payments to include for example, ongoing commissions on interstate bus charter rights, *Maddaloni v. Western Mass. Bus Lines, Inc.* 386 Mass. 877, 884 (1982) and unvested equity on projects which had a reasonable possibility of being completed. *Cataldo v. Zuckerman*, 20 Mass.App.Ct. 731, 740-741 (Mass.App.Ct. 1985). Courts have confined recovery to "reasonably ascertainable future compensation based on past services." *Gram v. Liberty Mut. Ins. Co.,* 384 Mass. 659, 671 (1981).

Mr. Eldridge's benefits under the Defendant's self-funded health insurance plan and self-funded short-term disability insurance plan are a protectable interest inherent in the implied covenant of good faith because they are an identifiable benefit tied to past service. The challenge is to the motive of the employer, not the terms of the plans. If Mr. Eldridge proves Defendant terminated him seventy-two hours before a scheduled and needed medical procedure to save the costs of its self-insured coverages, this is a perfect example of an "employer's predatory motivation" which the *Fortune* case classified as contrary to public policy. *See Cort v. Bristol-Myers Co.* 385 Mass. 300, 303 (1982). Mr. Eldridge's claim is not premised on the ERISA plan, but rather on the unwavering goal to prevent an employer from being unjustly enriched by depriving the employee of money that he had fairly earned and legitimately expected. *See Sargent v. Tenaska, Inc.*, 108 F.3d 5, 10 (1st Cir. 1997); *Maddaloni*, 386 Mass. at 884; *see also Gram v. Liberty Mut. Ins. Co.,* 391 Mass. 333, 335, 461 N.E.2d 796 (1984) (*Gram II*).

### III. The alleged fraudulent and tortious conduct is not inextricably linked to the ERISA plan.

Counts VI and VII of Plaintiff's Amended Complaint depend on the allegation that Ethan Allen's compensation structure for management created an incentive to eliminate employee claims under the company's self-funded health insurance plan and the self-funded short-term disability insurance plan. *See* Amended Complaint ¶ 66. The ERISA plan does not need to be referenced to understand the misrepresentation; the question is whether the improper incentive existed and was acted upon in regard to Mr. Eldridge. Again, these claims are focused on the defendants' motivation, not seeking

alternative enforcement of the terms of the ERISA plan. Moreover, the damages sought are entirely distinct from plan benefits, including emotional distress, damage to professional reputation, loss of career opportunities, and impairment of earning capacity.

In regard to Count VII[1], the contractual relationship which Defendant Hamilton is alleged to have interfered is Mr. Eldridge's employment. It is clear that an employee may maintain an action for tortious interference with contractual relations against a co-employee who interferes with his at-will contract. *Mailhiot v. Liberty Bank & Trust*, 24 Mass.App.Ct. 525, 526 (1987). The four elements required to establish the tort of intentional interference with contractual relations can be proved in this case entirely independent of the ERISA plan: (1) Mr. Eldridge was an at-will employee; (2) Defendant Hamilton's actions prompted his discharge; (3) Defendant Hamilton's motive to personally benefit financially from Mr. Eldridge's termination was improper; and (4) Mr. Eldridge was harmed by the interference. *See, e.g., Melo-Tone Vending, Inc. v. Sherry, Inc.*, 39 Mass.App.Ct. 315, 318-319 (1995). Additionally, Defendant Hamilton is not an ERISA entity and preemption does not extend to state laws such as Count VII asserts, which merely "touch upon enforcement but have no real bearing on the intricate web of relationships among the principal players in the ERISA scenario (e.g., the plan, the administrators, the fiduciaries, the beneficiaries, and the employer)." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 990 (10th Cir.1999).

## CONCLUSION

The Court should allow Plaintiff's Motion for Leave to Amend Complaint because Plaintiff adequately pleads claims which are not premised on Defendant's ERISA plans.

---

[1] Plaintiff acknowledges the nonconformance with LR 15.1(B) but notes that Defendants have not been prejudiced.

                                                Respectfully submitted,
                                                Michael F. Eldridge

                                                By his attorneys,

Date:   June 22, 2005

                                                Edward S. Englander (BBO # 154540)
                                                Denise A. Chicoine (BBO # 564152)
                                                ENGLANDER & CHICOINE P.C.
                                                Two Newton Place, Suite 200
                                                Newton, MA 02458-1633
                                                Tel. (617) 964-5400

## CERTIFICATE OF SERVICE

I, Denise A. Chicoine, hereby certify that I served the enclosed

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

on counsel of record by sending a true copy of same to:

Barry A. Guryan, Esq.
Heather C. Krauss, Esq.
Foley & Lardner LLP
111 Huntington Avenue, 26th Fl.
Boston, MA 02199

via electronic delivery and first class mail postage pre-paid this twenty-second day of June, 2005.

Denise A. Chicoine, Esq.