**E N D O R S E M E N T**

MICHAEL F. ELDRIDGE v. ETHAN ALLEN, INC.
04-CV-12506-MEL
_____

LASKER, D.J.

      Plaintiff Michael F. Eldridge ("Eldridge") moves to amend the Complaint by adding three additional common law claims against defendant Ethan Allen: breach of contract (Count IV); breach of the covenant of good faith and fair dealing (Count V); and fraud (Count VI). Eldridge further moves to amend the Complaint by adding a claim for tortious interference with contractual relations (Count VII) against a new party defendant, Denna Hamilton.

      While motions to amend are liberally granted pursuant to Fed. R. Civ. P. 15(a), a court retains discretion to deny such motions if amendment would be futile. See Foman v. Davis, 317 U.S. 178, 182 (1962). There are two instances in which a state law claim is preeempted by ERISA: (1) a cause of action is expressly preempted where a plaintiff, in order to prevail, must plead, and the court must find, that an ERISA plan exists; and (2) absent express preemption, a state law cause of action is preempted where it conflicts directly with an ERISA cause of action. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140, 142-43 (1990); Stanford v. AT&T Corp., 927 F.Supp. 524, 525-26 (D. Mass. 1996). In this case, adding the state common law claims would be futile because all are preempted by ERISA § 514(a), 29 U.S.C. § 1144(a)(ERISA supercedes "any and all State laws insofar as they now or hereafter relate to any employee benefit plan").

      With respect to Count IV, Eldridge alleges that he entered into a contract with Ethan Allen whereby he paid a portion of his health insurance premium via weekly payroll deductions. (Amend. Compl. at ¶ 52.) He further alleges that Ethan Allen breached this contract by "terminating [his] health insurance coverage and refusing to provide such coverage through October 25, 2003." (Id. at ¶ 54.) Eldridge claims that as a result of this breach, he "suffered damages, including but not limited to, personally incurring extensive debt for healthcare." (Id. at ¶ 55.) Because the Court must recognize the existence of an ERISA plan and interpret the terms of that plan in order to determine the parties' obligations to make health insurance premium payments, provide health insurance coverage, and terminate such coverage, this claim is expressly preempted by ERISA. See, e.g., Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44

1

(1st Cir. 2000)(former employee's allegation that employer breached employment contract by failing to enroll in his company's supplemental executive retirement plan held to be preempted by ERISA); Toomey v. Jones, 855 F.Supp. 19 (D. Mass. 1994)(ERISA preempted common law breach of contract claim).

With respect to Count V, Eldridge alleges that Ethan Allen breached the covenant of good faith and fair dealing "by terminating [his] employment to prevent [him] from receiving benefits to which he was otherwise entitled under the company's self-funded health insurance plan and self-funded short-term disability insurance plan." (Amend. Compl. at ¶ 59.) An employer in Massachusetts can terminate an at-will employee such as Eldridge at any time, with or without cause. An exception to this general rule is made where the employer's termination violates clearly established public policy. See Wright v. Shriners Hosp. for Cripple Children, 412 Mass. 469, 472 (1992). Eldridge's claim does not challenge solely Ethan Allen's motive, but instead relates to an ERISA plan and is expressly preempted. See, e.g. Ingersoll-Rand Co., 498 U.S. at 140 (wrongful discharge claim brought by plaintiff required court to find that an ERISA plan existed and that employer had a pension-defeating motive in terminating plaintiff's employment); Fitzgerald v. Codex Corp., 822 F.2d 586 (1st Cir. 1989)(claim that employer terminated plaintiff to avoid payment under ERISA plan to plaintiff's former wife had more than the requisite connection to an ERISA plan). Moreover, the allegation that Eldridge was terminated to deprive him of benefits under Ethan Allen's health insurance and short-term disability insurance plans conflicts directly with ERISA § 510, and is therefore implicitly preempted as well. See Ingersoll-Rand Co., 498 U.S. at 142-42; Fitzgerald, 882 F.3d at 588; St. Arnaud v. Chapdelaine Truck Center, Inc., 836 F.Supp. 41, 43 (D. Mass. 1993).

With respect to Count VI, Eldridge alleges that Ethan Allen made misrepresentations regarding his entitlement to health insurance coverage and short-term disability coverage. (Amend. Compl. at ¶ 64.) The Court's inquiry on this count would necessarily go beyond an examination of Ethan Allen's motive. In order to determine whether fraudulent representations were made to Eldridge about his coverage, and whether his reliance on such alleged misrepresentations was reasonable, the plans' provisions must be referred to and interpreted. See Stanford, 927 F. Supp. at 526("it remains the fact that to determine whether the representations made to [plaintiff] about the Plan were fraudulent, its provisions must be interpreted."); Vartarian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994) (finding no cause of action for misrepresentation if there is no ERISA plan);

2

Toomey, 855 F. Supp. 19 (ERISA plan found to be "inextricably implicated" in common law misrepresentation claim). In sum, "the tie between these allegations and the ERISA plan is plain and substantial." Stanford, 927 F.Supp. at 526.

With respect to Count VII, Eldridge alleges that he "had a contractual employment relationship with Ethan Allen, which included his entitlement to benefits under the company's self-funded health insurance plan and self-funded short-term disability plan." (Amend. Compl. at ¶ 72.) Eldridge further alleges that his former supervisor, Denna Hamilton, interfered with this contract by "inducing Ethan Allen to breach the employment relationship and thereby prevent Mr. Eldridge from receiving benefits to which he was otherwise entitled" under the plans. (Id. at ¶ 73.) Count VII is inseparably connected to the ERISA plans, as the alleged contractual relationship included Eldridge's entitlement to benefits under the plans. Thus, the Court would need to recognize the existence of the plans, interpret their terms to determine whether Eldridge was entitled to benefits, and refer to the plans to calculate a portion of his damages. See, e.g., McMahon v. Digital Equip. Corp., 162 F.3d 28 (1st Cir. 1998)(claim for interference with advantageous relationship preempted because it required plaintiff to prove the terms of an ERISA plan). As a result, the motion to amend Count VII is DENIED. Since Count VII is alleged only against Deanna Hamilton, the dismissal of Count VII precludes her addition as a party defendant.

In sum, Counts IV, V, VI and VII of the proposed Amended Complaint are each preempted by ERISA. Accordingly, Eldridge's motion for leave to amend is DENIED as futile.


It is so ordered.


Dated:     August 22, 2005
           Boston, Massachusetts        /s/ Morris E. Lasker
                                              U.S.D.J.