UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL F. ELDRIDGE, )
)
    *Plaintiff*, )
)
v. )
) CIVIL ACTION
ETHAN ALLEN, INC. ) NO. 04-12506-MEL
)
    *Defendant*. )
)

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8, Defendant, Ethan Allen, Inc. ("Ethan Allen" or "Defendant"), hereby responds to the allegations in the original Complaint of Plaintiff, Michael F. Eldridge ("Plaintiff"), and asserts its affirmative defenses as follows:

### INTRODUCTION

Defendant responds that the unnumbered allegations contained in the Introduction to the Complaint contain introductory statements and/or legal conclusions to which no responses are required. To the extent that responses may be required, Defendant denies the allegations contained in the Introduction to the Complaint.

### PARTIES

1. Defendant admits that Plaintiff is an adult, but it lacks sufficient information to admit or deny the truth of the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendant states that the allegations contained in Paragraph 3 of the Complaint assert legal conclusions to which no responses are required. To the extent that responses may be required, Defendant admits that it employed Plaintiff, but it denies that it committed statutory violations as alleged in Paragraph 3 of the Complaint.

## FACTS

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff most recently held the position of Warehouse Manager with Ethan Allen, but it denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant lacks sufficient information to admit or deny the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint. By way of further response, Defendant states that any document regarding Plaintiff's knee surgery speaks for itself.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint. By way of further response, Defendant states that any document regarding Plaintiff's knee surgery speaks for itself.

13. Defendant admits that it gave Plaintiff his annual performance evaluation on October 8, 2003 and that he received an overall rating of "Needs Improvement" on this evaluation. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant lacks sufficient information to admit or deny the truth of the allegation that Plaintiff pulled his back during a furniture delivery as stated Paragraph 14 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in the second sentence of Paragraph 16 of the Complaint, but it denies the remaining allegations contained in Paragraph 16 of the Complaint. By way of further response, Defendant states that Count V of the Complaint, which alleged that Defendant failed to pay overtime to Plaintiff, was dismissed pursuant to the Court's Order and Endorsement dated April 11, 2005.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint. By way of further response, Defendant states that Count IV of the Complaint, which alleged that Defendant unlawfully terminated Plaintiff's health insurance coverage, was dismissed pursuant to the Court's Order and Endorsement dated April 11, 2005.

18. Defendant lacks sufficient information to admit or deny the truth of the allegations contained in Paragraph 18 of the Complaint. By way of further response, Defendant states that Count IV of the Complaint, which alleged that Defendant unlawfully terminated Plaintiff's health insurance coverage, was dismissed pursuant to the Court's Order and Endorsement dated April 11, 2005.

## CLAIMS FOR RELIEF

### COUNT I

### Violations of the Family Medical Leave Act (FMLA)
### 29 U.S.C. § 2601 et seq.

19. Defendant restates, re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 18 as if fully set forth herein in response to the allegations contained in Paragraph 19 of the Complaint.

20. Defendant states that the allegations contained in Paragraph 20 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response may be required, Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant states that the allegations contained in Paragraph 21 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response may be required, Defendant admits that Plaintiff worked at least 1,250 hours in the twelve-month period preceding September 2003.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

### COUNT II

### Violations of M.G.L. Chapter 151B

26. Defendant restates, re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 25 as if fully set forth herein in response to the allegations contained in Paragraph 26 of the Complaint.

27. Defendant states that the allegations contained in Paragraph 27 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response may be required, Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendant states that the allegations contained in Paragraph 28 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response may be required, Defendant states that the allegations contained in Paragraph 28 of the Complaint are too vague for it to formulate a response.

29. Defendant states that the allegations contained in Paragraph 29 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response may be required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant states that the allegations contained in Paragraph 31 of the Complaint assert legal conclusions to which no responses are required. To the extent that responses may be required, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits that it terminated Plaintiff's employment on October 20, 2003, but it lacks sufficient information to admit or deny the truth of the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits that Plaintiff filed a charge with the Massachusetts Commission Against Discrimination, which charge speaks for itself.

## COUNT III

37. Defendant restates, re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 36 as if fully set forth herein in response to the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

## COUNT IV

**Violations of the Massachusetts Health Benefits Continuation Statute
M.G.L. Chapter 175 § 110D**

42. Defendant restates, re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 41 as if fully set forth herein in response to the allegations contained in Paragraph 42 of the Complaint. By way of further response, Defendant states that because Count IV was dismissed pursuant to the Court's Order and Endorsement dated April 11, 2005, no response is required to the allegations contained in Paragraph 42 of the Complaint.

43. Defendant states that because Count IV was dismissed pursuant to the Court's Order and Endorsement dated April 11, 2005, no response is required to the allegations contained in Paragraph 43 of the Complaint.

44. Defendant states that because Count IV was dismissed pursuant to the Court's Order and Endorsement dated April 11, 2005, no response is required to the allegations contained in Paragraph 44 of the Complaint.

45. Defendant states that because Count IV was dismissed pursuant to the Court's Order and Endorsement dated April 11, 2005, no response is required to the allegations contained in Paragraph 45 of the Complaint.

## COUNT V

### Violation of Massachusetts Minimum Fair Wage Law
### M.G.L. Chapter 151, § 1B

46. Defendant restates, re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 45 as if fully set forth herein in response to the allegations contained in Paragraph 46 of the Complaint. By way of further response, Defendant states that because Count V was dismissed pursuant to the Court's Order and Endorsement dated April 11, 2005, no response is required to the allegations contained in Paragraph 46 of the Complaint.

47. Defendant states that because Count V was dismissed pursuant to the Court's Order and Endorsement dated April 11, 2005, no response is required to the allegations contained in Paragraph 47 of the Complaint.

48. Defendant states that because Count V was dismissed pursuant to the Court's Order and Endorsement dated April 11, 2005, no response is required to the allegations contained in Paragraph 48 of the Complaint.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief he seeks in the Complaint.

### DEMAND FOR TRIAL BY JURY

Defendant states that no response is required to Plaintiff's Demand for Trial by Jury.

### FIRST AFFIRMATIVE DEFENSE

Counts IV and V of the Complaint are barred pursuant to the Court's Order and Endorsement dated April 11, 2005.

### SECOND AFFIRMATIVE DEFENSE

Count I against Defendant fails to state a claim upon which relief can be granted. Specifically, Plaintiff cannot prove a violation of the Family and Medical Leave Act ("FMLA").

### THIRD AFFIRMATIVE DEFENSE

Plaintiff may not have had a "serious health condition" within the meaning of the FMLA.

### FOURTH AFFIRMATIVE DEFENSE

Count II against Defendant fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff was not a handicapped individual within the meaning of Mass. Gen. Laws ch. 151B.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff was not a qualified individual able to perform the essential functions of his job, with or without a reasonable accommodation.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff never requested a reasonable accommodation for his purported handicap that would have allowed him to perform the essential functions of his job.

### EIGHTH AFFIRMATIVE DEFENSE

Count III against Defendant fails to state a claim upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff did not lose his job because of an injury compensable under the Massachusetts Worker's Compensation Act.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff did not report a work-related injury to Defendant on October 20, 2003 before he was informed of his termination.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant's actions towards Plaintiff were based upon reasonable, non-discriminatory and non-retaliatory actions and motives.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant's reason for terminating his employment on October 20, 2003 was not a pretext for an unlawful motive.

### THIRTEENTH AFFIRMATIVE DEFENSE

Either Plaintiff has not suffered any damages, or he has failed to mitigate his alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off for all the amounts which Plaintiff has earned in mitigation of his claim for damages or which could have been earned in the reasonable exercise of diligence to mitigate his alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and not recklessly or maliciously and, therefore, it cannot be held liable for punitive damages.

Respectfully submitted,

ETHAN ALLEN, INC.,

By its attorneys,

/s/: Heather C. Krauss
Barry A. Guryan, BBO # 214920
Heather C. Krauss, BBO # 644457
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Dated: September 1, 2005                (617) 342-4000

## CERTIFICATE OF SERVICE

I, Heather C. Krauss, hereby certify that on September 1, 2005, a true copy of the foregoing document was served via e-mail through the ECF system upon counsel for Plaintiff:

Denise A. Chicoine, Esq.
Englander & Chicoine P.C.
Two Newton Place
Suite 200
Newton, MA 02458-1634

/s/: Heather C. Krauss
Heather C. Krauss