UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL F. ELDRIDGE, *Plaintiff*, v. ETHAN ALLEN, INC. *Defendant*. | CIVIL ACTION NO. 04-12506-MEL |

## STIPULATED PROTECTIVE ORDER

The Parties hereby stipulate that certain information, materials or documents that have been or may be requested or disclosed during discovery in this proceeding may contain or refer to "confidential information," including, but not limited to, private information regarding the Parties, information in the nature of trade secrets or proprietary commercial information, information which is confidential to employees of the Parties, and information which is otherwise proprietary in nature. Accordingly, the Parties hereto, by and through their respective attorneys, hereby STIPULATE AND AGREE to the following Protective Order:

1. **Non-Disclosure of Protected Documents.** Any party may designate a document as a protected document as provided herein. Except with the prior written consent of the party or other person originally designating a document as a protected document, or as hereinafter provided under this Order, no protected document may be disclosed to any person or entity. Disclosure of the substance, essence or summary of what is contained in a protected document is also prohibited.

   (a) A "protected document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its

attention to a reasonable examiner) "Confidential" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c)(7). Multi-paged documents that are bound together need only be stamped or labeled "Confidential" on the first page. Any document which was or is produced without a "Confidential" designation may be so designated retroactively by written notice to opposing counsel. For purposes of this Order, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a protected document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

(b) Any person or entity subject to discovery in the Action may designate any document as "Confidential" pursuant to sub-Paragraph (a). Such designation of a document shall constitute the designating party's good faith belief and assertion that such document contains non-public information of a proprietary nature or that disclosure of the information in the document to those other than the individuals permitted by this Order would be detrimental to its business. Any "Confidential" designation will be fully applicable to any information contained in or derived from any document so designated.

2. **Permissible Disclosure of Documents Designated "Confidential."**

(a) Notwithstanding Paragraph 1, documents stamped "Confidential" may be disclosed to Parties; to in-house counsel who are actively engaged in the conduct of this litigation; to outside counsel of record for the parties in this action; to the partners,

2

associates, secretaries, paralegal assistants and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with specific prior knowledge of the confidential information contained in the document, as the case may be; to any present or former officer, member, or employee of the corporate defendants to the extent reasonably necessary for the purpose of assisting counsel in the litigation; to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper, and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Such documents may also be disclosed to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a certification in the form attached as Exhibit A, which contains the following information and that the attorney making the disclosure shall retain in his or her files:

    (1)    a recital that the signatory has read and understands this Order; and

    (2)    a recital that the signatory understands that unauthorized disclosures of the documents stamped "Confidential" constitute contempt of court.

3. **Declassification.** Upon motion of any party to this action, and upon good cause shown, the Court may make any order that justice requires for the prevention and protection from oppression, undue burden, or unnecessary expense, due to the unreasonable use of the right to designate documents or other materials or information as "Confidential."

4. **Confidential Information in Depositions.**

(a) A deponent may, during the deposition, be shown and examined about protected documents marked "Confidential" if the deponent already knows the confidential information contained therein or if the provisions of Paragraph 2 are complied with. Deponents shall not retain or copy portions of their transcript which contain confidential information not provided by them or the entities they represent, unless they sign the form prescribed in Paragraph 2. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about potentially confidential documents.

(b) Parties (and deponents) may, within fifteen (15) days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as protected. Protected information within the deposition script may be designated by underlining or other suitable means (e.g., encircling) the portions of the pages that are to be protected, and marking such pages "Confidential." Until expiration of the fifteen (15) day period, the entire deposition will be treated as subject to protection under this Order as a document designated "Confidential." If no party or deponent timely designates protected information in a deposition, then none of the transcript or its exhibits will be treated as protected; if a timely designation is made, the protected portions and exhibits, if necessary, shall be bound separately from the portions and exhibits not so marked.

However, transcripts and/or exhibits from depositions taken prior to the entry of this Order may be designated as "Confidential" retroactively by written notice to opposing counsel within fifteen (15) days after entry of this Order by the Court.

(c) When confidential documents are presented, quoted, or referred to in any deposition, counsel shall make arrangements to ensure that only those to whom disclosure is permitted under Paragraph 2 of this Protective Order are present at the time of such presentation, quotation, or reference.

5. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, protected documents and other confidential information may be offered in trial or at any court hearing provided that the proponent gives such notice as is reasonable under the circumstances to counsel for the party that designated the information as protected. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as protected and, if so, what protection, if any, may be afforded to such information at the trial.

6. **Subpoena by Other Courts or Agencies.** If any third party subpoenas or seeks access to, or production of, protected documents which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as protected of the pendency of such subpoena or order, and the party from whom discovery is sought shall cooperate in maintaining the confidentiality of stamped confidential documents.

7. **Filing.** Protected documents may not be filed with the Court except when a party deems it appropriate in connection with motions or other matters pending before the Court. If a

5

party intends to file documents or information designated as confidential by another party, two (2) days prior to such filing, or such lesser notice as is reasonable under the circumstances, the party shall inform the designating party of their intention. The designating party may then follow the procedures set forth below in Paragraph 8. Counsel for the Parties agree that they shall agree to such extensions of time as are reasonable to allow counsel for the designating party to apply for an Order for Impoundment.

8. **Impounding.** In seeking to impound briefs, memoranda, affidavits, exhibits, or other documents marked "Confidential" ("Confidential Pleadings"), counsel shall fully comply with Local Rule 7.2 and any further procedural orders of the Court. In particular, when seeking an Order for Impoundment, counsel shall:

(a) Provide a description, in general terms, of the confidential materials for which impoundment is sought, and a short statement setting forth the reasons justifying impoundment;

(b) Provide (i) a redacted version of the document or item containing confidential materials, to be placed in the court's public files, and (ii) an unredacted version of the document or item containing the confidential materials, marked or highlighted to indicate clearly the portions for which impoundment is sought; and,

(c) Upon allowance of a motion for impoundment, parties shall file the unredacted version of the Confidential Pleading in a sealed envelope marked to (i) identify the case caption, (ii) state that confidential material is enclosed, and (iii) certify that the filing complies with Local Rule 7.2 and this Protective Order.

6

9. **Client Consultation.** Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of protected documents.

10. **Use.** Persons obtaining access to protected documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials) and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or other judicial proceedings.

11. **Publicly Available Information.** The provisions of this Order shall not apply to any document or information contained therein which are obtained from non-privileged sources other than through discovery or which are available publicly or are a matter of public record on file with any governmental or regulatory agency or board.

12. **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of these actions. Within one hundred twenty (120) days after conclusion of all aspects of this litigation, protected documents and all copies of same (other than bits of records or exhibits or attachments to documents filed with the court) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of same), destroyed; provided, however, that counsel of record will have the right at its discretion to destroy confidential documents constituting or containing privileged work product or attorney-client communication.

13. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order, or from objecting to discovery that it believes to be otherwise improper.

7

14. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of protected documents. Parties and the persons designated in Paragraph 2 shall not duplicate any protected document except for working copies and for filing under seal.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]**

Respectfully submitted,

| ATTORNEY FOR PLAINTIFF, | ATTORNEYS FOR DEFENDANT, |
|---|---|
| MICHAEL F. ELDRIDGE, | ETHAN ALLEN, INC., |

/s/: Denise A. Chicoine
Denise A. Chicoine, BBO # 564152
Englander & Chicoine P.C.
Two Newton Place
Suite 200
Newton, MA 02458-1634
Telephone: (617) 964-5400

/s/: Heather C. Krauss
Barry A. Guryan, BBO # 214920
Heather C. Krauss, BBO # 644457
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Telephone: (617) 342-4000

Dated: April 28, 2006

Pursuant to the stipulation of the parties:

IT IS SO **ORDERED**.

DATED this _2_ day of _May_, 2006.

_____
Honorable Morris E. Lasker

9

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL F. ELDRIDGE, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> ETHAN ALLEN, INC. ) <br> ) <br> *Defendant*. ) | CIVIL ACTION <br> NO. 04-12506-MEL |

## STIPULATED PROTECTIVE ORDER CERTIFICATE

The undersigned hereby certifies that he/she has been provided with a copy of the Stipulated Protective Order entered into by the parties in the above-captioned case, and that he/she is a person qualified to have access to documents designated "Confidential" as set forth in the Order, and that (a) he/she has read and understands the Order; (b) he/she shall use such information solely in connection with this action; and (c) he/she will maintain the documents designated "Confidential" and the information contained therein in confidence and will not disclose such materials and/or information to any person not otherwise entitled to access such documents and/or information as allowed under this Order. The undersigned understands that the unauthorized disclosure of documents stamped "Confidential" constitutes contempt of court.

Name: _____          Dated: _____