UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL F. ELDRIDGE, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| ETHAN ALLEN, INC. ) | CIVIL ACTION |
| ) | NO. 04-12506-MEL |
| *Defendant.* ) | |

## DEFENDANT'S MOTION TO STRIKE
## PORTIONS OF THE AFFIDAVIT OF REBECCA DESROSIERS

Defendant, Ethan Allen, Inc. (now known as "Ethan Allen Retail, Inc.") ("Ethan Allen"),[1]

hereby moves to strike portions of the Affidavit of Rebecca DesRosiers ("DesRosiers

Affidavit"), which was filed in support of Plaintiff's Opposition to Defendant's Motion for

Summary Judgment ("Opposition" or "Opp.") and is attached hereto as Exhibit A. Specifically,

Ethan Allen seeks to strike Paragraphs 7-8 and 10-12 of the DesRosiers Affidavit for the reasons

set forth in further detail below.

I.    Plaintiff's Failure to Previously Disclose the Information in Paragraphs 7-8 and 10-12 of
      the DesRosiers Affidavit Should Preclude Him from Using the Information Under Fed.
      R. Civ. P. 37(c)(1).

Fed. R. Civ. P. 37(c)(1) states that a party that without substantial justification fails to

disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1), or to amend a

prior discovery response pursuant to Fed. R. Civ. P. 26(e)(2), is not, unless such failure is

harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or

information not so disclosed. Id. Fed. R. Civ. P. 37(c)(1) is intended to give "...teeth to a

---

[1] As of July 1, 2005, Ethan Allen, Inc.'s name changed to Ethan Allen Retail, Inc.

significantly broadened duty to supplement Rule 26 disclosures by making mandatory preclusion 'the required sanction in the ordinary case.'" Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 19 (1st Cir. 2001), quoting Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998). Because Plaintiff failed to disclose the information contained in Paragraphs 7-8 and 10-12 of the DesRosiers Affidavit during the discovery period – and waited to do so until filing his opposition to Ethan Allen's motion for summary judgment – those portions should be stricken pursuant to Fed. R. Civ. P. 37(c)(1). See, e.g., Sears, Roebuck & Co. v. Goldstone & Sudalter, P.C., 128 F.3d 10, 18 n.7 (1st Cir. 1997) (affirming lower court's striking of affidavit filed in support of opposition to motion for summary judgment pursuant to Fed. R. Civ. P. 37(c)(1) because plaintiff had failed to disclose affiant's identity pursuant to Fed. R. Civ. P. 26(a) at outset of litigation).

By way of background, on October 18, 2005, the Court adopted the parties' jointly proposed scheduling order pursuant to Fed. R. Civ. P. 16(b)/LR 16.1. Under this scheduling order, initial disclosures required by Fed. R. Civ. P. 26(a)(1)/LR 26.2(A) were to be made by November 1, 2005. All discovery was to be completed by May 1, 2006. The deadline for completing fact discovery was extended up to and through June 12, 2006, following a motion by Plaintiff.

On or about November 1, 2005, Plaintiff served his mandatory initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and LR 26.2(A). See Exhibit B. Pursuant to those rules, Plaintiff was obligated to list "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1)(A). Plaintiff listed only two specific names – Denna Hamilton and

2

Louann Starr – as well as the more general category of "Any member of Ethan Allen's Human Resources Department involved with processing Plaintiff's FMLA paperwork in 2003." Exhibit B. Rebecca DesRosiers, who formerly worked as an administrative assistant at Ethan Allen's Franklin Service Center, was not specifically identified. Plaintiff has never supplemented his initial disclosures.

On October 31, 2005, Ethan Allen served its First Set of Interrogatories pursuant to Fed. R. Civ. P. 33 and LR 33.1, which included a question as to Plaintiff's anticipated fact witnesses and the facts that they would be expected to testify. Plaintiff did not provide his responses until February 21, 2006. See Exhibit C. The relevant discovery request and response are set forth below:

Interrogatory No. 2:

Identify by name and address each person whom Plaintiff expects to call as a fact witness at the trial of this matter, stating with respect to each such person a summary of the facts to which each such person is expected to testify.

Response No. 2:

a.   Denna Hamilton

Ms. Hamilton is expected to testify about my job performance and the reason(s) she terminated me.

b.   Rebecca DesRosiers

Ms. DesRosiers is expected to testify about my application for FMLA leave.

c.   Erin Richer Lalonde

Ms. Lalonde is expected to testify about my application for FMLA leave.

d.   Daniel Forte

3

> Mr. Forte is expected to testify about the events which occurred on October 20, 2003 during a furniture delivery which resulted in an injury to me. Exhibit C.

Thus, although DesRosiers was listed as an expected fact witness in Plaintiff's interrogatory answers, her expected testimony encompassed only Plaintiff's application for FMLA leave – not the additional information contained in Paragraphs 7- 8 and 10-12 of her Affidavit. Plaintiff has never supplemented his responses to Ethan Allen's First Set of Interrogatories, either.

At his March 27, 2006 deposition, Plaintiff was questioned as to why he believed he had been discriminated against on the basis of a disability and why he believed he had been retaliated against. He never testified as to the information in Paragraphs 7-8 and 10-12 of the DesRosiers Affidavit. When he was asked about his answers to Ethan Allen's First Set of Interrogatories and what specific knowledge the witnesses listed in Response No. 2 had about the claims at issue, he did not mention anything other than conversations about his FMLA application with respect to DesRosiers.

Indeed, the first time that Plaintiff disclosed that DesRosiers had knowledge regarding Hamilton allegedly requiring Plaintiff to delay his surgery, the alleged arrival times of other managers who reported to Hamilton, her perceptions of Plaintiff as a manager, and Hamilton's alleged less favorable treatment of Plaintiff after she learned about his need for knee surgery was September 29, 2006, the date when he served the DesRosiers Affidavit as part of his Opposition to Ethan Allen's Motion for Summary Judgment.[2] This delay was in spite the fact that Plaintiff testified at his deposition that he first communicated with her about this case in November 2003, that he communicated with her approximately once a year, and that he had corresponded with her

---

[2] Ethan Allen filed its Motion for Summary Judgment on August 18, 2006, which is currently pending before the Court.

4

by e-mail about being a witness "recently." Moreover, the discovery deadline had closed more than three months earlier.

The information contained in Paragraphs 7-8 and 10-12 of the DesRosiers Affidavit is clearly encompassed not only by Fed. R. Civ. P. 26(a)(1), as it includes substantive evidence that Plaintiff would likely seek to prove at trial, but also by Ethan Allen's discovery requests asking for a summary of facts as to which Plaintiff's expected fact witnesses would testify. Such disclosures and full discovery responses are intended to give Ethan Allen fair warning of the evidence it will face at trial and to allow it to determine whether or not further discovery is warranted. By failing to make such disclosures and/or amending his discovery responses, Plaintiff should be precluded from using the evidence contained in Paragraphs 7-8 and 10-12 of the DesRosiers Affidavit. See Wilson, 250 F.3d at 19; Sears, Roebuck & Co., 128 F.3d at 18 n.7; Klonoski, 156 F.3d 255, 269.

Moreover, there can be no "substantial justification" for Plaintiff's belated disclosure of this information, as he has been in regular contact with DesRosiers since he left Ethan Allen and should have uncovered it earlier. His failure to provide such information as part of his initial disclosures or in his original disclosures (or to supplement those pleadings) can hardly be characterized as "harmless," either. Ethan Allen made the strategic decision not to depose DesRosiers during discovery based on Plaintiff's representation that her only knowledge and expected testimony would be about the processing of Plaintiff's FMLA paperwork, business records which Ethan Allen already had in its possession or obtained from Plaintiff. As an administrative assistant, it was reasonable for Ethan Allen to assume that her duties in this regard were purely ministerial. The discovery period has now closed, which deprives Ethan Allen of the opportunity from deposing DesRosiers or obtaining additional information about the new

matters raised in her Affidavit, and Ethan Allen has prepared and filed a motion for summary judgment. This is precisely the type of unfair tactical advantage that the disclosure rules were designed to eradicate. See Lohnes v. Level 3 Communications, Inc., 272 F.3d 49, 60 (1st Cir. 2001) (upholding district court's disregard of a belatedly proffered affidavit in connection with summary judgment motion based on party's total failure to comply with the expert disclosure provisions set forth in Rule 26(a)(2)). Accordingly, the Court should preclude Plaintiff from offering the evidence contained in Paragraphs 7-8 and 10-12 of the DesRosiers Affidavit in support of his Opposition and, if necessary, at trial.

II.    Portions of the DesRosiers Affidavit are Further Inadmissible Because They Are Irrelevant and/or DesRosiers Lacks Personal Knowledge.

DesRosier's statements in Paragraph 10 as to Plaintiff purportedly staying late if he arrived after his scheduled start time and as to the late arrivals of Hamilton's other direct reports are irrelevant. First, the relevant issue in this case is not whether Plaintiff stayed late, but whether he arrived at work on time. As the Warehouse Manager, this was critical not only to direct the morning activities in the Warehouse, but also to set an example for his direct reports. (See Def.'s Statement of Undisputed Facts ("SUF") at ¶¶ 15, 15, 18, 20.) Second, there is no indication that DesRosiers ever shared her observations of the alleged late arrival times of other managers with Hamilton, who was Plaintiff's supervisor, or any other individuals involved in the decision to discipline Plaintiff or to terminate his employment. Thus, her observations as stated in Paragraph 10 are irrelevant to the issues in this case.

As for Paragraph 11, it should be stricken because DesRosiers lacks sufficient personal knowledge to testify as to the matters therein. She worked as a non-management employee in the administrative offices of the Franklin Service Center, and Plaintiff worked as the Warehouse Manager. Thus, she did not have sufficient opportunity or knowledge to observe or effectively

6

evaluate his performance as a manager, let alone give her opinion about how his performance compared with others.

III.    Portions of the DesRosiers Affidavit are Further Inadmissible Because They are Conclusory and Speculative.

Finally, Paragraph 12 of the DesRosiers Affidavit is inadmissible and fails to meet the criteria of Fed. R. Civ. P. 56(e) because it is too conclusory and speculative for Ethan Allen to formulate a response. There is no detail to support her conclusory allegation that Hamilton "treated [Plaintiff] less favorably than her other direct reports and appeared to be looking for an excuse to terminate him." Moreover, DesRosiers left Ethan Allen on September 20, 2003, weeks before the date that Plaintiff received two final written warnings and a month before he was terminated. Thus, she clearly has no personal knowledge as to events that occurred in connection with his final warnings or his termination and is speculating as to Hamilton's motives in her treatment of Plaintiff.

WHEREFORE, Ethan Allen respectfully requests that the Court allow this Motion and that the Affidavit of Rebecca DesRosiers be stricken from the record for this Court's deliberations on Defendant's Motion for Summary Judgment and, if necessary, at the trial of this matter.

Respectfully submitted,

ETHAN ALLEN INC.

/s/: Heather C. Krauss
Barry A. Guryan, BBO # 214920
bguryan@foley.com
Heather C. Krauss, BBO # 644457
hkrauss@foley.com
FOLEY & LARDNER LLP
111 Huntington Avenue
26th Floor

7

Boston, MA 02199
Tel: (617) 342-4000
Fax: (617) 342-4001

Dated: October 24, 2006

## CERTIFICATE OF SERVICE

I, Heather C. Krauss, hereby certify that on October 24, 2006, a true copy of the foregoing document was served electronically upon counsel for Plaintiff:

Denise A. Chicoine, Esq.
Englander & Chicoine, P.C.
Two Newton Place
Suite 200
Newton, MA 02458-1634

/s/: Heather C. Krauss
Heather C. Krauss

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to LR 7.1, I hereby certify that counsel for Defendant and counsel for Plaintiff conferred by telephone on October 24, 2006 in good faith, but that the parties were unable to resolve their differences regarding the issues raised in Defendant's Motion to Strike Portions of the Affidavit of Rebecca DesRosiers.

/s/: Heather C. Krauss
Heather C. Krauss

Dated: October 24, 2006

8

**Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL F. ELDRIDGE,            )            Civil Action 04 12506 MEL
                    Plaintiff   )
                                )
v.                              )
                                )
ETHAN ALLEN, INC.               )
                    Defendant   )

## AFFIDAVIT OF REBECCA DESROSIERS

I, Rebecca Desrosiers, depose and say as follows:

1.   My name is Rebecca Desrosiers and I am not a party in the above-captioned matter.

2.   The statements sworn to herein are stated of my own personal knowledge except where I indicate that the statement is upon information and belief and as to those statements I believe them to be true.

3.   I worked at Ethan Allen as an administrative assistant for Human Resources for the Boston District from late 2000 until I voluntarily resigned September 20, 2003.

4.   My job included communicating information from employees to Ethan Allen's corporate offices regarding employee benefits such as health insurance, vacation, and leaves of absence, and maintaining employee files.

5.   During the summer and early fall of 2003 Michael Eldridge spoke to me a number of times about an injury he had suffered to his knees and the medical treatment he needed for his injury.

6.   In early September 2003, Mr. Eldridge told me he would need time off for knee surgery and asked me about the Family Medical Leave Act. Mr. Eldridge indicated that he was in pain and hoped to have the surgery as soon as possible.

7.   During August and September 2003 I spoke with Mr. Eldridge's direct supervisor, Denna Hamilton, about Mr. Eldridge's knee injury and need for surgery. Ms. Hamilton told me that she required Mr. Eldridge to delay his surgery until after the opening of the new store in Natick, Massachusetts.

8.   In early September Mr. Eldridge informed me that, at Ms. Hamilton's request, he did delay his surgery by over one month, until after the scheduled opening of the new store.

9.  In September 2003, Mr. Eldridge informed me of the date in October 2003 on which he had scheduled his knee surgery. I noted the surgery date in Mr. Eldridge's personnel file and communicated to the corporate office Mr. Eldridge's need for FMLA leave in late October 2003.

10. In my role as an administrative assistant for Human Resources, I maintained calendars for absences and tardiness for all employees at Franklin and all the managers in the Boston district who reported to Ms. Hamilton, which included Mr. Eldridge. Mr. Eldridge was one of the more dedicated managers, and if he came in after his scheduled start time he stayed later in the day. Numerous other managers who reported directly to Ms. Hamilton regularly arrived late for work.

11. I worked at the same facility as Mr. Eldridge and observed his work habits on a regular basis. Based on my observations, Mr. Eldridge did a good job managing the warehouse and was well-liked by the employees that reported to him.

12. I observed Ms. Hamilton's interactions with Mr. Eldridge and her other direct reports. After Ms. Hamilton learned about Mr. Eldridge's need for knee surgery, she treated him less favorably than her other direct reports and appeared to be looking for an excuse to terminate his employment.

Signed and sworn to under the pains and penalties of perjury this 5th day of September, 2006.

Rebecca Desrosiers

**Exhibit B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL F. ELDRIDGE,            )        Civil Action 04 12506 MEL
                    Plaintiff    )
v.                              )
                                )
ETHAN ALLEN, INC.               )
                    Defendant    )

## PLAINTIFF'S AUTOMATIC REQUIRED DISCLOSURE PURSUANT TO LOCAL RULE 26.2(A)

### A.    Individuals with discoverable information

Denna Hamilton

Louann Starr

Any member of Ethan Allen's Human Resource Department involved with processing Plaintiff's FMLA paperwork in 2003

Plaintiff reserves the right to supplement this list in a timely manner.

### B.    Documents

Attached are copies of documents relevant to disputed facts in this matter.

### C.    Damages

Lost Wages and Benefits      $ 60,000.00

Medical Expenses             $ 19,000.00

Other                        $136,000.00
        Liquidated Damages (FMLA violation)
        Emotional Distress Damages and Attorneys Fees (Chapter 151B violation)

### D.    Insurance Agreements

Plaintiff has no such documents in its possession.

Respectfully submitted,
Michael F. Eldridge

Date: November 1, 2005

By his attorneys,

Edward S. Englander (BBO # 154540)
Denise A. Chicoine (BBO # 564152)
ENGLANDER & CHICOINE P.C.
Two Newton Place, Suite 200
Newton, MA 02458-1633
Tel. (617) 964-5400

## CERTIFICATE OF SERVICE

I, Denise A. Chicoine, hereby certify that I served the enclosed

**PLAINTIFF'S AUTOMATIC REQUIRED DISCLOSURE PURSUANT TO LOCAL RULE 26.2(A)**

on counsel of record by sending a true copy of same to:

Barry A. Guryan, Esq.
Heather C. Krauss, Esq.
Foley & Lardner LLP
111 Huntington Avenue, 26th Fl.
Boston, MA 02199

via facsimile communication and first class mail postage pre-paid this first day of November, 2005.

Denise A. Chicoine, Esq.

**Exhibit C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL F. ELDRIDGE, | ) | Civil Action 04 12506 MEL |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| ETHAN ALLEN, INC. | ) | |
| Defendant | ) | |

## PLAINTIFF MICHAEL F. ELDRIDGE'S RESPONSE TO DEFENDANT ETHAN ALLEN'S FIRST SET OF INTERROGATORIES

Interrogatory 1
Identify each person, excluding Plaintiff's attorney(s), with whom Plaintiff has communicated regarding the allegations in his Complaint, including Plaintiff's allegations regarding damages and a description of the substance of each communication.

**Response 1**

**I have discussed all the facts of my case with my wife Carol Eldridge.**

Interrogatory 2
Identify by name and address each person whom Plaintiff expects to call as a fact witness at the trial of this matter, stating with respect to each such person a summary of the facts to which each such person is expected to testify.

**Response 2**
a. **Denna Hamilton**
   **Ms. Hamilton is expected to testify about my job performance and the reason(s) she terminated me.**

b. **Rebecca DesRosiers**
   **Ms. DesRosiers is expected to testify about my application for FMLA leave.**

c. **Erin Richer Lalonde**
   **Ms. Lalonde is expected to testify about my application for FMLA leave.**

d. **Daniel Forte**
   **Mr. Forte is expected to testify about the events which occurred on October 20, 2003 during a furniture delivery which resulted in an injury to me.**

Page 1 of 5

**Plaintiff reserves the right to supplement this list in a timely manner.**

<u>Interrogatory 3</u>
Identify by name, address, and field of expertise each person whom Plaintiff expects to call as an expert
witness at the trial of this matter, stating with respect to each such person:
a.     the subject matter on which each such expert is expected to testify;
b.     a summary of the facts and/or opinions to which each such expert is expected to testify; and,
c.     a summary of the grounds for each such expert opinion.

## <u>Response 3</u>

**Plaintiff has not identified an expert. Plaintiff reserves the right to supplement this response
in a timely manner.**

<u>Interrogatory 4</u>
Identify by the corresponding Bates-stamped number on the document, the author of all handwritten
documents and handwritten notes on documents produced in response to Defendant's First Set of
Requests for Production of Documents to the extent the author of such handwriting is not otherwise
identified by name on the face of the document.

### <u>Response 4</u>

| Bates No. | Author |
|-----------|--------|
| 01 | **Upon information and belief, Syed Razvi M.D.** |
| 04, 05, 21-24, 60 | **Upon information and belief, David B. Burnes D.O., with the exception of the address and telephone number, which is my handwriting.** |
| 55-57 | **I do not know** |
| 02,03, 26, 27, 37-42, 73,76 80, 81, 85, 86 | **Me** |

<u>Interrogatory 5</u>
Please state whether, from the period of January 1, 2000 to the present, Plaintiff has been treated by
any psychologist, psychiatrist, social worker, counselor or any other mental health professional for any
condition. If Plaintiffs answer is in the affirmative, please state:
a.     the name and address of each such treating professional;
b.     the reason or purpose for seeking treatment;
c.     the dates of treatment and/or counseling;

d.    any known diagnosis;
e.    any medications that were prescribed and the dates of usage;
f.    Plaintiff's prognosis, if any; and,
g.    any plan for continuing treatment.

## Response 5
**Plaintiff objects to this interrogatory request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as it seeks information which is not relevant to any of the claims or defenses in this matter.**

### Interrogatory 6
To the extent not already provided, identify each person from whom Plaintiff has received any medical, psychiatric or psychological treatment or therapy from January 1, 2000 to the present.

## Response 6
**Plaintiff objects to this interrogatory request on the grounds that it is overly broad and seeks information which is not relevant to any of the claims or defenses in this matter.  Without waiving and subject to this objection, plaintiff responds as follows:**

**During 2003 I received medical treatment from:**
> **Dr. David B. Burns**
> **South County Orthopedics and Physical Therapy, Inc.**
> **One High Street, Wakefield, RI 02879**

> **Dr. Syed Razvi**
> **Milford Med-Care**
> **160 South Main Street, Milford, MA 01757**

### Interrogatory 7
State the nature and amount of all monetary damages Plaintiff is seeking to recover in this action, including but not limited to any alleged damages for lost wages, emotional distress, any other compensatory damages, punitive damages and attorneys' fees, including in your answer the basis for each such calculation.

### Response 7
| | |
|---|---|
| Lost wages and benefits 10/21/03 - present | $ 70,000.00 |
| Uninsured medical bills 2003 | $ 19,496.44 |
| Emotional Distress Damages | $ 75,000.00 |
| Liquidated Damages (FMLA violation) and Attorneys Fees (Chapter 151B violation) | $110,000.00 |

Page 3 of 5

Interrogatory 8
Identify each and every person with whom Plaintiff has been employed since October 20, 2003,
including self employment, and state the period during which he is or was employed by each such
person; the position or positions he held with each such person; whether the position was full-time or
part-time; the dates during which he held each such position; and, if applicable, state the date upon
which his employment with each such person ended and the reasons for that occurrence.

Response 8
a.    **General Transportation Services**
      **Manager and Trainer**
      **May 2004 to October 2004**
      **laid-off**

b.    **Home Delivery Repairs**
      **April 2005 to July 2005, self-employed**
      **company went out of business**

c.    **Advanced Delivery Services**
      **Regional Manager**
      **July 2005 to December 2005**
      **resigned for better opportunity**

d.    **New England Delivery Service**
      **Vice President**
      **January 2006 through present**

Interrogatory 9
Identify each and every person with whom Plaintiff has made any formal or informal application or
inquiry for employment since January 1, 2003, indicating the name of the entity contacted, the position
sought, and the date of each application or inquiry.

Response 9
**During 2004 and 2005, I regularly checked local newspapers and websites and made**
**numerous calls for prospective jobs. I received approximately eight interviews for jobs I was**
**not offered or which I declined.**

Interrogatory 10
State Plaintiff's total earnings from any employment or employment-related activity, including self
employment, during the period of October 20, 2003 to the present and the source or sources of such
earnings. If more than one source, please specify the amount for each source and the dates such income
was received.

**Response 10**

**In 2004 and 2005, I earned approximately $32,000.00 each year from my employment.**

Interrogatory 11
Please state Plaintiffs total earnings from any worker's compensation, unemployment, disability, and/or public assistance benefits during the period of October 20, 2003 to the present, and the source or sources of such earnings. If more than one source, please specify the amount for each source and the dates such earnings were received.

**Response 11**

**Massachusetts Division of Unemployment Assistance**
**October 21, 2003 to May 2004**
**$11,908.00**

**Rhode Island Unemployment**
**October 2004 to April 2005**
**Approximately $11,000.00**

Signed under the pains and penalties of perjury this    day of February, 2006.

/S/
_____
Michael F. Eldridge

As to all objections

Edward S. Englander (BBO # 154540)
Denise A. Chicoine (BBO # 564152)
ENGLANDER & CHICOINE P.C.
Two Newton Place, Suite 200
Newton, MA 02458-1633
Tel. (617) 964-5400

Page 5 of 5

**Response 10**

In 2004 and 2005, I earned approximately $32,000.00 each year from my employment.

**Interrogatory 11**

Please state Plaintiff's total earnings from any worker's compensation, unemployment, disability, and/or public assistance benefits during the period of October 20, 2003 to the present, and the source or sources of such earnings. If more than one source, please specify the amount for each source and the dates such earnings were received.

**Response 11**

**Massachusetts Division of Unemployment Assistance**
**October 21, 2003 to May 2004**
**$11,908.00**

**Rhode Island Unemployment**
**October 2004 to April 2005**
**Approximately $11,800.00**

Signed under the pains and penalties of perjury this   day of February, 2006.

Michael F. Eldridge

As to all objections

Edward S. Englander (BBO # 154540)
Denise A. Chicoine (BBO # 564152)
ENGLANDER & CHICOINE P.C.
Two Newton Place, Suite 200
Newton, MA 02458-1633
Tel. (617) 964-5400