## E N D O R S E M E N T

MICHAEL F. ELDRIDGE v. ETHAN ALLEN, INC.
04-CV-12506

LASKER, D.J.

      Defendant Ethan Allen moves for summary judgment and to strike portions of Rebecca Desrosiers's affidavit. The motions are denied.

      Summary judgment cannot be granted here because several questions of material fact have not yet been resolved. The parties present conflicting accounts of the events leading up to Eldridge's dismissal. Eldridge disputes Ethan Allen's argument that he was late twice in the ten days after he received a final warning to be on time. Eldridge also contends that the dates on the two final tardiness warnings are misleading and that he received both warnings on October 8, several days after he notified his supervisor of his surgery date. Similarly, the parties disagree about whether other managers arrived late for work on a regular basis but were not subjected to the same disciplinary measures as Eldridge. These facts are significant because they relate to whether Eldridge was fired in retaliation for his request for medical leave and whether he was singled out for harsh treatment.

      While the remaining factual questions preclude an award of summary judgment at this time, it is appropriate to observe that Eldridge's case has some serious weaknesses, especially with regard to his ability to prove that Ethan Allen's proffered reason for terminating him is pretextual. I recommend that the parties seriously consider taking the case to mediation to try to resolve matters outside of court.

      Ethan Allen moves to strike portions of Rebecca Desrosiers's affidavit on the ground that Eldridge failed to disclose his intention to call Desrosiers to testify about Eldridge's treatment and qualifications, and that some of her statements are not based on personal knowledge. Eldridge's initial disclosures indicated that any member of Ethan Allen's Human Resources Department that was involved with Eldridge's Family and Medical Leave Act claim may have relevant discoverable information. Ethan Allen elected not to depose Desrosiers because it was assumed that she would testify only about processing Eldridge's FMLA claim. In these circumstances, Ethan Allen's motion to strike the affidavit is denied on condition that Ethan Allen have the right to depose Desrosiers.

      Ethan Allen's motion for summary judgment and motion to

strike portions of Rebecca Desrosiers's affidavit are both DENIED.

    It is so ordered.

Dated:    January 3, 2007
          Boston, Massachusetts    <u>/s/ Morris E. Lasker</u>
                                             U.S.D.J.